In the Matter of the Claim of MARIE PETERS, Claimant. AMERICAN WOMAN'S ASSOCIATION, INC., Appellant; EDWARD CORSI, as Industrial Commissioner, Respondent.— Appeal by an employer from a decision of the Unemployment Insurance Appeal Board. The decision appealed from affirmed a referee's decision which sustained respondent's original determination subjecting appellant to the provisions of the Unemployment Insurance Law (Labor Law, art. 18) and rejecting its contention that it was organized and operated exclusively for educational purposes. The decision is sustained by substantial evidence (*Matter of Mohawk Mills Assn.*, 260 App. Div. 433). Decision unanimously affirmed, with costs to the respondent. Present — Foster, P. J., Heffernan, Brewster, Bergan and Coon, JJ.

∎

In the Matter of the Claim of MAX BERNSTEIN, Respondent. EDWARD CORSI, as Industrial Commissioner, Appellant.— Appeal by the Industrial Commissioner from a decision of the Unemployment Insurance Appeal Board which affirmed a decision of an unemployment insurance referee overruling an initial determination of the Industrial Commissioner that a forefeiture of twenty-four "effective days" be imposed under section 594 of the Unemployment Insurance Law (Labor Law, art. 18) because the claimant had "wilfully made a false statement to obtain benefits". Claimant was laid off for a temporary period on August 15, 1949, and filed a claim for benefits under the Unemployment Insurance Law the same day. Two days later, on August 17, 1949, claimant returned to work for the same employer for five and one-half hours and was paid $23. At the end of the week on August 23, 1949, claimant certified that he had suffered "total unemployment" during the entire week ending August 21, 1949. Concededly this information was false and claimant knew at the time that it was false. The referee and the Unemployment Appeal Board have excused the false statement on the theory that claimant misinterpreted the law and did not intend to defraud. Section 594 does not require a criminal intent or proof sufficient to support larceny. The officials charged with the proper administration of the Unemployment Insurance Law are entitled to true facts upon which to make their determination. If a claimant certifies to a false fact, knowing that it is false, the statute authorizes the forfeiture, regardless of claimant's interpretation of the ultimate effect of his false statement. Decision of the Unemployment Insurance Appeal Board reversed, on the law, and the initial determination of the Industrial Commissioner reinstated, without costs. Foster, P. J., Heffernan, Brewster, Bergan and Coon, JJ., concur.