In the Matter of the Claim of JOSEPH POKUTYCKI, Appellant. EDWARD CORSI, as Industrial Commissioner, Respondent.— Appeal by claimant from a decision of the Unemployment Insurance Appeal Board imposing a forfeiture of twenty-four effective days on the ground that the claimant had willfully made a false representation to obtain unemployment insurance benefits. Claimant, a woodworker, was laid off on March 27, 1951. He applied for benefits on March 28th and reported that he had earned only $22.60 on March 26th and 27th, the first two days of the statutory week ending April 1st. On inquiry from the employer, the Industrial Commissioner ascertained that the claimant had, in fact, earned $27.72 on those two days, made up as follows: $23.10 regular pay (fifteen hours at $1.54 per hour); $4.62 for two hours of overtime at time and a half. The claimant's actual earnings being over $24, he was ineligible for benefits for the statutory week ending April 1st (Labor Law, § 523, as it read prior to the amendment by L. 1951, ch. 645, eff. June 4, 1951, raising the maximum allowable earnings to $30). The claimant was familiar with the $24 limit and he knew that if he had earned more than $24 he would be ineligible for benefits for the week. He was therefore aware of the importance of reporting his earnings accurately. Notwithstanding the fact that he had worked overtime just two days before the day of his report, he claimed to have forgotten the overtime. Against this claim of forgetfulness or honest mistake, there is the fact that the claimant received his pay check on March 30th setting forth his earnings in detail and that he did not volunteer any correction of his report. Furthermore, when he was interviewed on April 16th by the local representative of the Industrial Commissioner, he persisted in his claim that he had earned under $24, until the interviewer indicated that he was about to telephone the employer and the claimant then admitted that he had earned over $24. On this evidence, the local representative of the Industrial Commissioner found that there had been a willful misrepresentation. The claimant requested a hearing to contest this determination. After hearing the evidence, the referee found that the claimant had made an honest mistake and was not guilty of willful misrepresentation. Upon further appeal by the Industrial Commissioner, the appeal board reversed the referee and found that there had been a willful misrepresentation and accordingly sustained the initial determination. The appellant argues that, taking into account the fact that the referee had had the advantage of seeing and hearing the witnesses, this court should find that the board's decision was not supported by substantial evidence. We cannot accept the view that evidence, which would otherwise be regarded as substantial, is rendered unsubstantial because it had been once

rejected by a subordinate hearing officer, although this view may find support in *Universal Camera Corp.* v. *Labor Bd.* (340 U. S. 474, 492–497) (cf. Jaffe, Judicial Review: "Substantial Evidence on the Whole Record", 64 Harv. L. Rev. 1233, 1242–1244, and the cases there cited). It is the decision of the appeal board which the statute makes final, if it is supported by substantial evidence, and not that of the referee (Labor Law, § 623). The referee acts under the supervision, direction and administrative control of the appeal board (Labor Law, § 535). Furthermore, it may be noted that the local representative of the Industrial Commissioner, who made the initial determination against the claimant, also saw and heard the witnesses. There was substantial evidence on the whole record to support the board's decision. Decision of the Unemployment Insurance Appeal Board affirmed, without costs. Foster, P. J., Brewster, Bergan and Halpern, JJ., concur.