In the Matter of the Claim of MARGARET BUNZL, Appellant. ISADOR LUBIN, as Industrial Commissioner, Respondent.

Third Department, December 23, 1955.

*Ludwig Schiffer* for appellant.

*Jacob K. Javits, Attorney-General* (*Francis R. Curran* and *James O. Moore, Jr.*, of counsel), for respondent.

Coon, J. The effect of the Referee's decision is that claimant was not totally unemployed from December 13th through December 23, 1954; that claimant was overpaid for the weeks ending December 19th and December 26, 1954, and that claimant had willfully misrepresented that she was totally unemployed, for which a forfeiture of twenty-four effective days was imposed. Appellant contends that she was totally unemployed during the period in question, was not overpaid, and did not willfully misrepresent.

Claimant was a designer of women's clothing. In seeking employment as a designer, claimant made sketches and submitted them to prospective employers as a sample of her work and ability, as was customary in that field . Early in December, 1954, claimant called upon a dress manufacturer, Miss Cane, Inc., where she had heard there was an opening for a designer. At the interview she exhibited some of her sketches, and was requested by the president of Miss Cane, Inc., to submit additional sketches made specifically for the company. On December 13th claimant submitted twelve sketches which were accepted, and she was told that she would be paid therefor and was requested to submit more. On December 16th claimant submitted seven more sketches and two bills, one dated December 13th for $42 and one dated December 16th for $24.50. On December 23d, pursuant to suggestion, she submitted five additional sketches and a bill for $17.50. All of these bills were paid, and altogether claimant received from Miss Cane, Inc., the sum of $84 for sketches which she had made upon request. She was not employed as a designer by Miss Cane, Inc., then or later.

We think these transactions which resulted in remuneration of $84 paid to claimant for work performed by her during a period of approximately two weeks clearly provides the necessary substantial evidence to support a finding that claimant was not "totally unemployed" during the period in question. The statutory definition is " ' Total unemployment ' means the total lack of any employment on any day. The term ' employment ' as used in this section means any employment including that not defined in this title." (Labor Law, § 522.) The last sentence is very broad. If it be deemed that claimant was in the employ of Miss Cane, Inc., under a contract of employment to

make the sketches for a remuneration, she certainly was not totally unemployed. If it be deemed that she was self-employed and merely sold the sketches to Miss Cane, Inc., she likewise was not totally unemployed. " Self-employment is clearly work for profit; one who is self-employed is engaged in employment within the meaning of section 522 and he cannot claim any unemployment insurance benefits." (*Matter of Emery [Corsi]*, 281 App. Div. 426–427–428.) That portion of the decision which determines that claimant was not totally unemployed and was overpaid during the period in question should be upheld.

The final part of the decision which imposes a forfeiture for willfully making a false statement or representation to obtain any benefit presents a more difficult problem. Section 594 of the Unemployment Insurance Law (Labor Law, art. 18), provides, in part: " A claimant who has wilfully made a false statement or representation to obtain any benefit under the provisions of this article shall forfeit ". When claimant certified to total unemployment for the weeks ending December 19th and December 26th, 1954, she made a false statement — or at least it has been so determined, and we are upholding the determination. But was the false representation " wilfully " made?

It is without dispute that claimant was conscientiously seeking full-time employment as a designer by a single employer during all of the period involved. It is undisputed that the making and showing of sketches was for the purpose of assisting her in obtaining such employment. In other words, she was looking for a job — she was not selling sketches. She did not get a " job " and had no " job " at the time she reported her total unemployment. She testified that she did not regard the incidental purchase of the sketches as employment. In fact, it does not appear in the record that she had been paid for the sketches at the time she made the misrepresentation. In such circumstances the everyday understanding of the common man should prevail, and we do not think that the ordinary individual, who was still looking for a job would regard himself as " employed " or " working." Claimant should not be held to a technical construction of " employment " as it is used in the Unemployment Insurance Law.

There is no suggestion in the record of deliberate or intentional misrepresentation. Indeed, the Referee states in his decision: " It is perhaps unfortunate that claimant did not realize that the work which she did for Miss Cane, Inc., constituted employment under the Law." If she, in good faith, did not " realize " it,

then she did not knowingly or willfully misrepresent. Some element of *scienter* and knowledge of falsity or wrongfulness must be present. We said nothing to the contrary in *Matter of Bernstein (Corsi)* (278 App. Div. 625, affd. without opinion 303 N. Y. 755). In that case we said no " criminal intent " was required, and further: " If a claimant certifies to a false fact, knowing that it is false, the statute authorizes the forfeiture, regardless of claimant's interpretation of the ultimate effect of his false statement." (278 App. Div. 625.) The *Bernstein* case is readily distinguishable factually. There claimant returned to his usual job, for the same employer who had laid him off two days before, and worked one day for which he was paid $23. At the end of the week he certified that he suffered total unemployment for the entire week.

Here we do not think the record will sustain a finding that claimant " knew the statement was false." While ordinarily the question of whether a false statement was willfully made would be one of fact, there appears to be nothing in this record to even permit an inference that knowledge of falsity or the essential element of willfullness were present.

The decision should be modified by reversing so much thereof as determines that claimant made a willful false statement and imposes a forefeiture therefor, and, as so modified, the decision should be affirmed, with costs to claimant-appellant, and the matter remitted for proceedings in accordance herewith.

Foster, P. J., Bergan, Halpern and Zeller, JJ., concur.

Decision modified by reversing so much thereof as determines that claimant made a willful false statement and imposes a forfeiture therefor, and as so modified, the decision is affirmed, with costs to claimant-appellant, and the matter remitted for proceedings in accordance herewith.