In the Matter of the Claim of Nellie Vick, Respondent. Martin P. Catherwood, as Industrial Commissioner, Appellant.

Third Department, December 30, 1960.

*Louis J. Lefkowitz, Attorney-General (Frank E. Sacco, Paxton Blair* and *Samuel Stern* of counsel), for appellant.

*Howard A. Levine* for respondent.

HERLIHY, J. The facts are not in dispute. The claimant filed for benefits under the law effective as of July 14, 1958. Thereafter through her own efforts she obtained work starting September 5, 1958 and terminating September 12, 1958. During the week ending September 7 she earned $24.50. Subsequently she mailed to the board a " back to work card " for the week ending September 7 and for the dates September 6 and 7 put an " N " in the boxes which signified she did not work and also she failed to signify in the proper place on the card the amount of wages earned during the week. She testified that when she placed the " N " in the boxes for September 6 and 7 she knew that she had worked and received pay on those particular dates.

From these facts the initial determination of the Commissioner was that claimant made a willful misrepresentation for the purpose of obtaining benefits and accordingly imposed a forfeiture of benefits.

The record further discloses that this was the first time claimant had ever applied for benefits under the law and that although she lived in Manhattan, she voluntarily went to Mount Vernon to apply for work in answer to a newspaper advertisement and which resulted in the employment here in question. She made no attempt to hide that she had worked and testified she understood from reading a pamphlet furnished by the Commissioner that it was necessary to work at least three days in the week before making any disclosure. The Referee who saw and heard the testimony of the claimant accepted her story that she made an honest mistake and we would not interfere with such finding unless, as the Commissioner contends, such actions on her part constitute a violation of the section involved as a matter of law. (*Matter of Bernstein [Corsi]*, 278 App. Div. 625, affd. 303 N. Y. 755.)

Section 594 of the Labor Law provides in part: " A claimant who has wilfully made a false statement or representation to obtain any benefit * * * shall forfeit * * *."

In the *Bernstein* case (*supra*) this court said: " If a claimant certifies to a false fact, knowing that it is false, the statute authorizes the forfeiture, regardless of claimant's interpretation of the ultimate effect of his false statement."

We agree with the contention of the Commissioner that with the vast number of claims presented, they must be accepted and relied upon by him as being true and accurate and that the

penalty imposed by section 594 was intended to act as a deterrent to the making of willful and false statements.

The Referee in his decision stated: "I observed claimant as she testified and I am convinced that claimant made an honest mistake and that she did not misrepresent wilfully or intentionally". What has happened here is that the Referee and the board have determined that the excuse and extenuating circumstances offered by the claimant constituted an honest mistake to which the section did not apply. The testimony, however, is undisputed that claimant *knowingly* and *intentionally* made the wrong mark in the boxes which per se was a violation of the section. "Wilful" as used here does not imply a criminal intent to defraud but means "knowingly", "intentionally", "deliberately" to make a false statement. We assume that in most cases some extenuating circumstances might be found but we are convinced that the Legislature intended to give the Commissioner not a basis for making excuses but rather a means to punish or penalize a claimant who makes a false statement or misrepresentation for the purpose of obtaining unemployment insurance benefits. The decision of this court in *Matter of Bernstein (Corsi) (supra)* is reaffirmed.

The decision of the Appeal Board should be reversed and the determination of the Industrial Commissioner reinstated and confirmed.

BERGAN, P. J., COON, GIBSON and REYNOLDS, JJ., concur.

Decision of the Appeal Board reversed and the determination of the Industrial Commissioner reinstated and confirmed, without costs.