■ In the Matter of the Claim of JAMES D. BAILEY, Appellant. MARTIN P. CATHERWOOD, as Industrial Commissioner, Respondent.— Appeal by claimant from a decision of the Unemployment Insurance Appeal Board holding that claimant was not totally unemployed within the meaning of section 522 of the Labor Law and that benefits received in the amount of $1,170 are recoverable under subdivision 4 of section 597 of the Labor Law. Claimant, a carpenter, filed a claim for benefits effective November 30, 1959 and for the next 26 weeks through June 5, 1960 actually received benefits. While each week claimant certified to total unemployment, the record reveals he devoted from 20 to 80 hours each week on the construction of a four-unit motel on property which he owned. On an adjacent parcel, also owned by claimant, a restaurant was situated on which claimant and his father had also done most of the construction work. The restaurant was opened by claimant's wife in October, 1959. In January, 1960, claimant, his wife, his father and his mother formed a partnership to operate the restaurant and the motel. The motel was completed and open for business on June 16, 1960. Claimant urges reversal of the board's determination that he was not totally unemployed. While claimant admits that the self-employed individual is not totally unemployed within the meaning of section 522 (*Matter of Schreiber* [*Lubin*], 5 A D 2d 745; *Matter of Bunzl* [*Lubin*], 1 A D 2d 46; *Matter of Emery* [*Corsi*], 281 App. Div. 426) he contends that these decisions do not apply here because since the motel was not completed and opened for business until June 16, 1960, he received no monetary reward for his activities during the entire period he was receiving unemployment benefits. Admittedly, in defining the term "employment" as utilized in section 522 the courts have talked in terms of "work for profit or remuneration" (*Matter of Emery* [*Corsi*], *supra*, p. 427). We do not, however, construe such language to require that the activity result in an immediate monetary reward. It is enough that the activity engaged in is a business venture designed to produce an eventual profit. Surely whether the self-employed's venture is a success or a failure should not be the test of his employment status. By the same token the fact that the activity here involved was preparatory to the production of any income does not dispel the profit motive in the activity and thus bring it within the scope of section 522. The board has held that benefits received

in the amount of $1,170 are recoverable under subdivision 4 of section 597 of the Labor Law. It determined that claimant's failure to disclose his activities in connection with the motel constituted a willful concealment of a material fact and that therefore he had no right to retain the benefits received. (Labor Law, §§ 594, 597, subd. 4). Claimant asserts that he informed a claims examiner about working on the motel, but the board acting within its authority as the final arbiter of the facts has found to the contrary (Labor Law, §§ 535, 623; *Matter of Pokutycki* [*Corsi*], 281 App. Div. 724). Claimant further asserts that in any event his misrepresentations were not willful. The cases in this area divide into two groups. In the first the claimant, aware he is engaged in "employment" within the meaning of the Labor Law, submits a statement which he knows to be false indicating he is unemployed and later asserts that for some reason he felt the "employment" did not affect his rights to receive benefits. In these cases we have consistently held that "If a claimant certifies to a false fact, knowing that it is false, the statute authorizes the forfeiture, regardless of claimant's interpretation of the ultimate effect of his false statement" (*Matter of Bernstein* [*Corsi*], 278 App. Div. 625, affd. 303 N. Y. 755; *Matter of Vick* [*Catherwood*], 12 A D 2d 120). In *Vick* we stated (p. 122): "'Wilful' as used here does not imply a criminal intent to defraud but means 'knowingly', 'intentionally', 'deliberately' to make a false statement. We assume that in most cases some extenuating circumstances might be found but we are convinced that the Legislature intended to give the Commissioner not a basis for making excuses but rather a means to punish or penalize a claimant who makes a false statement or misrepresentation for the purpose of obtaining unemployment insurance benefits." In the second group of cases, in which the instant case falls, a primary issue has been whether claimant's activities constitute "employment" within the meaning of the act (*Matter of Marder* [*Catherwood*], 16 A D 2d 303; *Matter of Galitzer* [*Corsi*], 2 A D 2d 923; *Matter of Bunzl* [*Lubin*], 1 A D 2d 46). Here we have said that "Claimant should not be held to a technical construction of 'employment' as it is used in the Unemployment Insurance Law." (*Matter of Bunzl* [*Lubin*], *supra*, p. 48.) It is not enough that the statement should prove false when construction of the statute is resolved. "Some element of *scienter* and knowledge of falsity or wrongfulness must be present." (*Matter of Bunzl* [*Lubin*], *supra*, p. 49.) The question of whether the necessary "element of *scienter* and knowledge of falsity or wrongfulness" is present in a given case is one of fact and thus within the sole province of the board unless we can say as a matter of law that the record contains no support for the decision reached. Considering the present record in its entirety, especially the magnitude of the undertaking, we cannot find that the board could not infer the requisite "element of *scienter* and knowledge of falsity or wrongfulness" in claimant's failure to disclose his activities in connection with the motel. Decision unanimously affirmed, without costs. Present — Bergan, P. J., Gibson, Herlihy, Reynolds and Taylor, JJ.