■ In the Matter of the Claim of VIVIAN GOLIA, Appellant. MARTIN P. CATHERWOOD, as Industrial Commissioner, Respondent.— REYNOLDS, J. Appeal by the claimant from a decision of the Unemployment Insurance Appeal Board disqualifying her from receiving benefits on the ground that she voluntarily left her employment without good cause by provoking her discharge (Labor Law, § 593, subd. 1) and ruling that her benefits were to be forfeited for 20 effective days because of a willful misrepresentation to obtain benefits (Labor Law, § 594). At best there is a conflict between claimant and her employer as to whether in fact her discharge resulted from her alleged disruptive conduct during employment. This in turn depends on issues of credibility, the resolution of which was in the sole province of the board (e.g., *Matter of Ianitzky* [*Catherwood*], 24 A D 2d 1043). Similarly, what constitutes good cause is factual (*Matter of Sperling* [*Catherwood*], 20 A D 2d 584, mot. for lv. to app. den. 14 N Y 2d 481) and since the board's resolution of this issue is supported by substantial evidence it must be upheld (*Matter of Weimberger* [*Catherwood*], 22 A D 2d 995). Finally, the board found that claimant willfully made a false statement to obtain benefits when she indicated she lost her job because of "lay-off no reason." When asked why she wrote "lay-off no reason" rather than indicating her conduct difficulties she replied "because I did not want to ruin my record for this nonsense that was going on." On this state of the record the board's decision must be sustained (*Matter of Bernstein* [*Corsi*], 278 App. Div. 625, affd. 303 N. Y. 755). Decision affirmed, without costs. Gibson, P. J., Herlihy, Staley, Jr., and Brink, JJ., concur with Reynolds, J.

■ In the Matter of the Claim of JOHN L. BECKER, Appellant. MARTIN P. CATHERWOOD, as Industrial Commissioner, Respondent.— MEMORANDUM BY THE COURT. Appeal from a decision of the Unemployment Insurance Appeal Board denying unemployment insurance benefits to claimant-appellant. It is undisputed that, in April, 1965, the claimant, an Assistant Workmen's Compensation Claims Examiner in the New York State Department of Labor, reached the mandatory retirement age of 70. His request for an extension of the retirement was denied, and he applied for retirement benefits under article 2 of the Retirement and Social Security Law which he has been receiving since May 1, 1965. It is also undisputed that, since 1941, the claimant had no other employer than the State of New York. The claimant, having retired from State service and being eligible for benefits under article 2 of the Retirement and Social Security Law is not entitled to unemployment insurance benefits based on wages paid to him by the State. (Labor Law, § 590, subd. 5; *Matter of McArdle* [*Corsi*], 274 App. Div. 959; *Matter of Riley* [*Catherwood*], 24 A D 2d 1040.) Decision affirmed, without costs. Gibson, P. J., Herlihy, Reynolds, Staley, Jr., and Brink, JJ., concur.