■ In the Matter of the Claim of SEAMUS DURNIN, Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed November 12, 1975, which affirmed the decision of a referee holding that since claimant failed to request a hearing within the statutory period, the initial determinations of the Industrial Commissioner remain in effect. Claimant testified that he did not request a hearing after receiving in the mail a notice of determination dated April 23, 1975 because when he was interviewed at the local insurance office on April 22, 1975, he had orally requested a hearing. Claimant, however, must request a hearing before the referee within 30 days after the mailing of the notice of the Industrial Commissioner (Labor Law, § 620, subd 1). Not having done so, the referee was without jurisdiction to rule on the determinations. Decision affirmed, without costs. Koreman, P. J., Sweeney, Kane, Mahoney and Larkin, JJ., concur.

■ In the Matter of the Claim of JEREMIAH WILSON, Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed September 19, 1975, which reversed the decision of a referee modifying the initial determination of the Industrial Commissioner and held that claimant was ineligible to receive benefits because he was not totally unemployed, ruled an overpayment made to claimant in the amount of $2,785 was recoverable, and held that claimant willfully made false statements to obtain benefits by reason of which a forfeiture of 248 effective days of benefits was imposed. For the period of time during which the claimant received $2,785 in benefits, he worked at a professional employment agency and received compensation from his employer in the amount of $100 a week. During this period, the claimant marked his reporting book to indicate that he did no work at all and had no earnings. Claimant's employer testified that claimant had been associated with his firm since May 13, 1974 and had received certain commission payments at the rate of $100 per week. This constitutes substantial evidence upon which the board could base its finding that claimant was not totally unemployed. Therefore, this court must sustain that determination *(Matter of Kansky [Catherwood],* 27 AD2d 887). Claimant is under a duty to disclose such income whether he considers himself to be an employee or an independent contractor *(Matter of Bailey [Catherwood],* 18 AD2d 727; *Matter of Marder [Catherwood],* 16 AD2d 303). Therefore, the benefits paid to claimant are recoverable and claimant is properly subject to the penalty imposed (Labor Law, § 594; *Matter of Vick [Catherwood],* 12 AD2d 120). Decision affirmed, without costs. Koreman, P. J., Mahoney, Main, Larkin and Herlihy, JJ., concur.