■ In the Matter of the Claim of SUSAN E. PETTY, Respondent. LILLIAN ROBERTS, as Commissioner of Labor, Appellant. — Appeal from a decision of the Unemployment Insurance Appeal Board, filed September 23, 1981. Claimant lost her employment as a nursing home aide on July 12, 1979 and collected unemployment benefits. She admits that thereafter, on August 13 and 14, 1979, she worked as a motel chambermaid. She claims that she left this job after two days because she thought her work was unsatisfactory, but concedes that she had not received any complaints from her employer concerning her work performance. Claimant did not report this two-day employment, and she marked "N" on her unemployment form for these two days, certifying that she

did not work then. Claimant, who is college educated, admitted that she understood how to mark her insurance book to show whether she had worked; in fact she did mark and report two days of work for an elderly gentleman for the week after she worked at the motel. At her hearing, when asked why she had failed to report her employment at the motel, claimant stated, "I don't know why I didn't. I just didn't". After the hearing, the administrative law judge sustained the revised initial determinations of the Commissioner of Labor holding claimant ineligible to receive benefits for two days in the week ending August 19, 1979 because she was not totally unemployed, disqualifying her from receiving benefits effective August 15, 1979 because she voluntarily left her employment without good cause, charging her with an overpayment of $980.50 in benefits ruled to be recoverable, and holding that she willfully made a false statement to obtain benefits for which a penalty of 20 effective days was imposed. Claimant appealed, and the appeal board reversed on the ground that the initial determination should not have been reviewed over one year from the date issued (Labor Law, § 597, subd 3) since, although claimant's certification of no employment in the week she worked as a chambermaid was false, "it has not been established that such certification was wilfully made or that the claimant has perpetrated a fraud". "Willful", for unemployment insurance purposes, means to make a false statement knowingly, intentionally or deliberately; a claimant's underlying reason or excuse for making the misrepresentation is irrelevant (*Matter of Vick* [*Catherwood*], 12 AD2d 120; *Matter of Bernstein* [*Corsi*], 278 App Div 625, affd 303 NY 755). It is undisputed that claimant knew she was working on August 13 and 14, that she understood the procedure for reporting work to the unemployment office, and that she nonetheless did not report this work and marked her calendar "N" for the two days in question signifying that she did not work then. Claimant's only proffered excuse is that her employer for those two days told her "it didn't make any difference" if she didn't report the work. Reliance on erroneous advice or information is no defense to an intentional false statement (*Matter of Vick* [*Catherwood*], supra; *Matter of Bernstein* [*Corsi*], supra). Since the board's finding that the commissioner did not have authority to issue the initial determination is not supported by substantial evidence in the record (*300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176), its decision should be reversed and the matter remitted to the board for consideration of the substantive issues presented on claimant's appeal. Decision reversed, without costs, and matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent herewith. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.