■ In the Matter of the Claim of RALPH H. FORBES, Appellant. JOHN F. HUDACS, as Commissioner of Labor, Respondent. —Weiss, P. J. Appeal from that part of a decision of the Unemployment Insurance Appeal Board, filed January 25, 1991, which imposed a forfeiture of effective days as a penalty in reduction of future benefits.

Claimant was called back to work as a laborer in the construction industry on June 3, 1988. When he filed his certifications for benefits later that month, he indicated that he had returned to work on June 10, 1988. Claimant did not dispute the findings of his work days, contending that his error was inadvertently caused by a mistaken recollection that he returned to work on June 10 rather than June 3. The Administrative Law Judge sustained the Commissioner of Labor's finding that claimant knew when he returned to work and was obligated to properly certify his work record. The Administrative Law Judge concluded that claimant made a willful false statement and upheld a forfeiture of eight effective days. The Unemployment Insurance Appeal Board affirmed the factual findings, but modified to the extent that it found the false certification was the result of inadvertent error and not a willful attempt to defraud. In reliance upon *Matter of Vick (Catherwood)* (12 AD2d 120), however, the Board found that the circumstances could not serve to excuse claimant from the consequences of his actions.

On this appeal, claimant contends that the Board's finding that the error was inadvertent and not deliberate precludes the imposition of the penalty of forfeiture. We agree. Labor Law § 594 provides for a forfeiture where a claimant "has *wilfully* made a false statement" (emphasis supplied). Willful, for purposes of this statute, does not imply a criminal intent to defraud but means knowingly, intentionally or deliberately making a false statement *(Matter of Petty [Roberts],* 90 AD2d 604, 605; *Matter of Vick [Catherwood], supra,* at 122). There is no acceptable defense to an intentional misrepresentation *(see, supra).* The Board's specific finding of inadvertence, however, precludes as a matter of law a conclusion of willfulness. Claimant did not knowingly, intentionally or deliberately make a false statement and, accordingly, should not be subject to forfeiture *(see, Matter of Bunzl [Lubin],* 1 AD2d 46).

Yesawich Jr., Crew III, Mahoney and Harvey, JJ., concur. Ordered that the decision is modified, without costs, by reversing so much thereof as determined that claimant made a willful false statement and imposed a forfeiture therefor, and, as so modified, affirmed.