■ In the Matter of the Claim of JOSEPHINE MARINELLI, Appellant. JOHN F. HUDACS, as Commissioner of Labor, Respondent. [600 NYS2d 305] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed May 28, 1992, which imposed a forfeiture of effective days as a penalty in reduction of future benefits.

On claimant's last day of employment she had a disagreement with her supervisor. It is alleged that during the course of the argument claimant directed an ethnic slur at her supervisor. Although claimant denied making the comment, she admitted that the office manager told her to apologize after the argument and that she was discharged when she refused. On claimant's application for unemployment insurance benefits, however, she indicated that the reason for her separation from employment was "lack of work" and "job eliminated". She explained that she made these statements on her claim form because the office manager and bookkeeper told her to do so.

Under these circumstances, there is substantial evidence to support the conclusion by the Unemployment Insurance Appeal Board that claimant made willful false statements to obtain benefits *(see, Matter of Muller [Levine],* 50 AD2d 1005, *lv denied* 40 NY2d 806; *cf., Matter of Petty [Roberts],* 90 AD2d 604). Thus, the imposition of a forfeiture of four effective days as a penalty in reduction of future benefits must be upheld. The term willful as used in Labor Law § 594 "does not imply a criminal intent to defraud but means knowingly, intentionally or deliberately making a false statement" *(Matter of Forbes [Hudacs],* 181 AD2d 956). Here, claimant admitted that she knew she was fired for refusing to apologize; the reason or excuse for making the misrepresentation was irrelevant *(see,*

*Matter of Petty [Roberts], supra).* Furthermore, reliance on erroneous advice is no defense to an intentional false statement *(see, supra; see also, Matter of Forbes [Hudacs], supra).*

Mikoll, J. P., Yesawich Jr., Levine, Crew III and Casey, JJ., concur. Ordered that the decision is affirmed, without costs.