■ In the Matter of the Claim of CHARLES C. TERRANOVA, Appellant. JOHN F. HUDACS, as Commissioner of Labor, Respondent. [620 NYS2d 619] —Yesawich Jr., J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed June 15, 1993, which ruled that claimant was ineligible to receive unemployment insurance benefits because he failed to comply with registration requirements, and because he did not have sufficient weeks of earnings and remuneration in his base period.

Claimant worked for Totes, Inc. until December 10, 1990, at which time he entered into a severance agreement, by the terms of which he continued to receive his regular salary payments and all fringe benefits until February 1992. In late December 1990, claimant went to the local unemployment insurance office to file for benefits, but did not do so, he avers, because he was advised by a local office employee not to file until his regular salary payments ended. In February 1992, when claimant did file for benefits, he was found to have failed to register for benefits from December 10, 1990 through February 16, 1992, and to be ineligible to file a valid original claim at that latter date, based on the fact that he had neither been employed for the requisite number of weeks nor received sufficient remuneration, as that term is defined in Labor Law § 517, during the previous year (see, Labor Law § 527).

After a hearing, an Administrative Law Judge (hereinafter ALJ) found claimant's failure to timely file to have been the result of his having received improper instructions from a local office employee, and held that his claim should be backdated to December 24, 1990 and his eligibility and bene-

fits calculated accordingly. Upon the Commissioner of Labor's appeal, the Unemployment Insurance Appeal Board, finding claimant's testimony regarding the directions he received from local office personnel not credible, reversed the ALJ's decision and reinstated the initial determinations, prompting this appeal.

Claimant's contention that the Board departed from its established rules and prior holdings, without explanation (see, Matter of Field Delivery Serv. [Roberts], 66 NY2d 516, 518), lacks merit. The previous Board decisions cited by claimant hold that when salary payments continue beyond the time that a claimant has ceased providing services in exchange therefor, such payments will be considered severance pay, and the claimant is deemed totally unemployed despite receipt thereof, unless the payments terminate upon the claimant's acceptance of new employment. Here, not unreasonably, the Board concluded that would not occur. While there was evidence that claimant might lose his rights under the severance agreement if he were to become employed in direct competition with his former employer without first obtaining permission to do so, he was free to seek any other type of job without risking such a forfeiture. It was not irrational for the Board to find that this provision, which admittedly limited claimant's right to pursue certain types of employment, was not equivalent to one that terminates severance payments upon any reemployment, regardless of the nature thereof.

As for the question of whether claimant demonstrated "good cause" for his failure to register until February 1992 (see, 12 NYCRR 473.1 [h]), that is a factual question (see, Matter of Barrett [Hudacs], 191 AD2d 920) which turns on the credibility of his account of the events which transpired at the local office in December 1990. Inasmuch as claimant's explanation was unclear and inconsistent in several particulars, and was refuted to some extent by testimony that information clerks do not furnish the type of advice that claimant stated he received, it cannot be said that the Board's resolution of this issue in the Commissioner's favor was arbitrary or without substantial support in the record.

Cardona, P. J., Mikoll, Crew III and Peters, JJ., concur. Ordered that the decision is affirmed, without costs.