■ In the Matter of the Claim of BARRY H. SILVERSTEIN, Appellant. JOHN E. SWEENEY, as Commissioner of Labor, Respondent. [654 NYS2d 203] —White, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed February 9, 1996, which, *inter alia*, ruled that claimant was ineligible to receive unemployment insurance benefits because he was not totally unemployed.

Claimant, an elected Council member and an appointed Deputy Town Supervisor for the Town of Fishkill in Dutchess County, applied for unemployment benefits on March 31, 1992 after being terminated from his full-time job, and indicated that he received income from the Town. He was granted benefits but was told that he would have to report that he had worked on the four days per month the Council met. Claimant followed this advice and, as a result, received only partial benefits. He returned to work in July 1992, becoming unemployed again the following July at which time he began receiving extended benefits. On this occasion, he was allegedly informed by a Department of Labor employee that, as an elected official, he need not report his attendance at Council meetings when certifying for benefits. Although this conflicted with the advice he had received previously, claimant followed it. After filing a new original claim for benefits on December 6, 1993, claimant was told by a Department employee that he had to report any activities in which he engaged with respect to his public offices, no matter how slight. Claimant contends that he then made inquiries regarding his situation but did not receive a direct response; consequently, when he received a letter notifying him of his benefit rate, he assumed that the issue had been resolved and that he did not have to report his governmental activities as employment when certifying for benefits.

By revised initial determinations, claimant was held ineligible to receive benefits because he was not totally unemployed. Further, he was charged with a recoverable overpayment of $17,925 and a penalty of 376 days against future benefit rights was imposed for willful misrepresentations. The determinations were sustained by an Administrative Law Judge and the Unemployment Insurance Appeal Board, prompting this appeal.

Unemployment benefits are not payable unless a claimant is totally unemployed, meaning a total lack of any employment on any day, the term employment encompassing any employment including that not defined in the statute (Labor Law §§ 522, 591 [1]). Applying these statutes, we held recently that substantial evidence supported the Board's determination that a Council member was not totally unemployed where the proof showed that he received an annual salary for his work as a Council member, performed a variety of duties in that capacity and was subject to inquiries by his constituents (*see, Matter of Belle [Sweeney]*, 225 AD2d 826, *lv denied* 88 NY2d 805). Claimant seeks to distinguish *Matter of Belle (Sweeney) (supra)* by pointing out that he performed all of his duties on the four days per month the Council met and was not otherwise available for his constituents. The Board rejected this claim, finding it incredible given the type and intensity of claimant's duties as a Council member. While claimant takes exception to this finding, we shall not disturb it since the resolution of credibility issues is solely within the Board's province (*see, Matter of Jedrak-Perz [Sweeney]*, 226 AD2d 858; *Matter of Buisch [Sweeney]*, 224 AD2d 853). Therefore, since this matter is indistinguishable from *Matter of Belle*, our holding is the same.

Next, claimant strongly disputes the Board's finding that he willfully misrepresented his unemployment. "Willful", as used in Labor Law § 594, means knowingly, intentionally or deliberately making a false statement (*see, Matter of Marinelli [Hudacs]*, 195 AD2d 741). Significantly, there is no acceptable defense to making a false statement (*see, Matter of Forbes [Hudacs]*, 181 AD2d 956). Here, after claimant began receiving benefits the second time, he did not report any days of employment despite having received a handbook stating in part that a claimant is considered employed on any date where he or she performs any services, even an hour or less, for someone else. Claimant nevertheless contends that he did not act intentionally as he was relying on the advice of a Department of Labor employee. In our view, this argument does not militate in claimant's favor for it lacks substantiation and was refuted by

the testimony of another employee. Accordingly, the Board's rejection of this testimony was not arbitrary (*see, Matter of Terranova [Hudacs]*, 211 AD2d 847, 848; *Matter of Nelson [Hartnett]*, 179 AD2d 987, *appeal dismissed* 79 NY2d 1039), and we conclude that this aspect of the Board's determination is also supported by substantial evidence (*see, Matter of Krause [Hartnett]*, 174 AD2d 867, 868).

We have not considered claimant's public policy argument that the Board's determination will dissuade individuals from accepting part-time elective positions since this contention should be addressed to the Legislature where the policy and economic implications of this issue can be fully explored.

Claimant's remaining arguments have been reviewed and found unpersuasive.

Cardona, P. J., Mercure, Yesawich Jr. and Peters, JJ., concur. Ordered that the decision is affirmed, without costs.