■ In the Matter of the Claim of JAY M. GERSHEN, Appellant. JOHN E. SWEENEY, as Commissioner of Labor, Respondent. [664 NYS2d 672] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed July 31, 1996, which, *inter alia*, ruled that claimant was ineligible to receive unemployment insurance benefits because he was not totally unemployed.

While claimant was unemployed and in receipt of unemployment insurance benefits, he acted as the uncompensated caretaker for a martial arts academy. As a consequence, the Unemployment Insurance Appeal Board found that he was not entitled to benefits as he was not totally unemployed and was guilty of making willful false statements to obtain benefits due to his failure to report his activities to the local office. We affirm. Unemployment benefits are not payable unless a claimant is totally unemployed, meaning a total lack of any employment on any day, the term employment encompassing any employment including that not defined in the statute (*see, Matter of Silverstein [Sweeney]*, 236 AD2d 757). There is substantial evidence that claimant's activities fit within this definition. Testimony presented at the hearing disclosed that claimant had filed a certificate of doing business on behalf of the academy and had opened a checking account from which he paid the academy's expenses. Claimant further testified that he had academy business cards printed up, had the owner's phone calls forwarded to his phone and placed advertisements in the local newspaper and telephone directory. We note that while claimant did not derive a financial benefit from his involvement in the academy, that does not preclude a finding that he was not totally unemployed (*see, Matter of Ha-Dong Song [Hudacs]*, 205 AD2d 820; *Matter of Egbuna [Hudacs]*, 198 AD2d 577, 578).

Cardona, P. J., Crew III, White, Yesawich Jr. and Peters, JJ., concur. Ordered that the decision is affirmed, without costs.