In the Matter of the Claim of SANTIAGO J. EDIE, Appellant. NEW YORK CITY TRANSIT AUTHORITY, Respondent; COMMISSIONER OF LABOR, Respondent. [677 NYS2d 821] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed July 29, 1997, which denied claimant's motion for reconsideration of a prior decision ruling that claimant was disqualified from receiving unemployment insurance benefits because his employment was terminated due to misconduct.

Claimant was discharged from his employment as a conductor after he cut the electricity to one of the train's doors while the train was moving. It was the employer's policy that for safety reasons the doors were to be cut only when the train was stopped. Significantly, at the time of this incident claimant was already on probation for violating a safety rule involving the operation of the doors. An arbitration hearing pursuant to the collective bargaining agreement resulted in a finding that claimant engaged in misconduct warranting his discharge. Thereafter, the Unemployment Insurance Appeal Board, giving collateral estoppel effect to the arbitrator's factual findings, reversed the decision of the Administrative Law Judge (hereinafter ALJ) and found that claimant was disqualified from receiving benefits because he lost his employment due to misconduct.

We affirm. Contrary to claimant's contention, the factual findings of the arbitrator were properly given collateral estoppel effect in view of the fact that claimant was given a full and fair opportunity to litigate the misconduct issue at the arbitration hearing (*see, Matter of Downey [Commissioner of Labor]*, 252 AD2d 709). That an ALJ's decision was rendered prior to the arbitrator's decision is of no consequence inasmuch as "the final factfinder in the administrative process is the Board, not the ALJ" (*Matter of Brauner [Patchogue Nursing Ctr.—Hartnett]*, 162 AD2d 838, 840, *lv dismissed* 76 NY2d 1018). Furthermore, substantial evidence supports the Board's finding that claimant engaged in disqualifying misconduct.

Mikoll, J. P., Mercure, Peters, Spain and Graffeo, JJ., concur. Ordered that the decision is affirmed, without costs.