■ In the Matter of the Claim of BRENDA K. ECKLER, Appellant. COMMISSIONER OF LABOR, Respondent. [679 NYS2d 202] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed June 5, 1997, which, *inter alia*, ruled that claimant was ineligible to receive unemployment insurance benefits because she was not totally unemployed.

Claimant was employed as an office manager of a photo studio until she was discharged due to lack of work. Following her termination, claimant remained a signatory on the business checking account and regularly spent several hours per week at the studio performing many of the same tasks that she had performed in her capacity as office manager. Specifically, claimant continued to sign payroll and expense checks, accept deliveries, answer telephones, interact with clients and sign contracts on behalf of the studio. These activities are sufficient to constitute employment within the meaning of the Labor Law, notwithstanding that claimant received no remuneration in exchange for her services (*see, Matter of Hotaling [Commissioner of Labor]* 251 AD2d 879; *Matter of Warren [Sweeney]*, 245 AD2d 942).

Claimant's assertion that she was denied due process because she was not afforded an opportunity to cross-examine two witnesses is unfounded. While claimant had the right to cross-examine these witnesses, she made no request at the hearing that they be subpoenaed or that the hearing be adjourned in order to secure their testimony (*see, Matter of*

*Acabeo [New York City Bd. of Educ.—Sweeney]*, 234 AD2d 851; *Matter of O'Connor [Howell—Hartnett]*, 165 AD2d 946). Further, our examination of the record discloses that the Administrative Law Judge acted within the scope of his authority and in an impartial manner (*see, Matter of O'Connor [Howell—Hartnett], supra*).

Next, claimant disputes the Board's finding that she willfully misrepresented her unemployment. "Willful", as used in Labor Law § 594, means knowingly, intentionally or deliberately making a false statement (*see, Matter of Marinelli [Hudacs]*, 195 AD2d 741). Significantly, there is no acceptable defense to making a false statement (*see, Matter of Forbes [Hudacs]*, 181 AD2d 956). Here, after claimant began receiving benefits, the record shows that she did not report any days of employment despite having received a handbook stating in part that a claimant is considered employed on any date where she performs even minor duties or favors for a friend or relative's business, whether paid or not. Accordingly, we conclude that the Board's decision on this issue is also supported by substantial evidence (*see, Matter of Silverstein [Sweeney]*, 236 AD2d 757).

Claimant's remaining contentions have been reviewed and found unpersuasive.

Mikoll, J. P., White, Yesawich Jr., Peters and Graffeo, JJ., concur. Ordered that the decision is affirmed, without costs.