■ In the Matter of the Claim of ISRAEL ACOSTA, Appellant. YALE CLUB OF NEW YORK CITY, Respondent; COMMISSIONER OF LABOR, Respondent. (And 6 Other Related Claims.) [681 NYS2d 141] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed October 10, 1997, which ruled that claimants were disqualified from receiving unemployment insurance

benefits because their employment was terminated due to misconduct.

Claimants were employed as banquet waiters for the employer for several years. Suspecting that the employer was illegally calculating and withholding commissions and tips, claimants initiated a lawsuit against the employer. Thereafter, it was discovered that claimants' attorney was in possession of numerous documents which had been wrongfully obtained from the employer. Following an arbitration hearing, claimants were discharged from their employment for failing to return the allegedly misappropriated documents as demanded by the employer. While claimants maintain that the employer failed to clarify which documents it sought to be returned, the record establishes that claimants' attorney had met with the employer's counsel and identified the documents in question. The Unemployment Insurance Appeal Board, giving collateral estoppel effect to the arbitrator's factual findings, reversed the decision of the Administrative Law Judge and found that claimants' conduct of not returning property belonging to the employer amounted to disqualifying misconduct. Contrary to claimants' contention, the Board was bound by the factual findings of the arbitrator regarding claimants' conduct given that claimants had a full and fair opportunity to litigate the issue of misconduct at the arbitration hearing (*see, Matter of Guimarales [New York City Bd. of Educ.—Roberts]*, 68 NY2d 989; *Matter of Edie [New York City Tr. Auth.—Commissioner of Labor]*, 253 AD2d 952, 953). Furthermore, inasmuch as the Board's conclusion that claimants engaged in disqualifying misconduct has a rational basis, it must be upheld (*see, Matter of Timmons [Hudacs]*, 191 AD2d 922). The remaining arguments advanced by claimants have been reviewed and found to be without merit.

Mikoll, J. P., Crew III, Spain, Carpinello and Graffeo, JJ., concur. Ordered that the decision is affirmed, without costs.