■ In the Matter of the Claim of CLIFFORD R. SCOTT, Appellant. NEW YORK LAW SCHOOL, Respondent; COMMISSIONER OF LABOR, Respondent. [684 NYS2d 71] —Appeal from that part of a decision of the Unemployment Insurance Appeal Board, filed July 23, 1997, which ruled that claimant made willful false statements to obtain benefits.

Claimant, who had separated from his last employment under nondisqualifying circumstances, was collecting unemployment insurance benefits while attending law school. While attending school, claimant began participating in a "work study" program that paid $15 per hour. Nevertheless, claimant continued to certify to the local unemployment office that he was not working during the weeks that he claimed benefits. An Administrative Law Judge ruled that claimant was not totally unemployed and that he made willful false statements in order to obtain unemployment insurance benefits. Claimant was charged with a recoverable overpayment of benefits and his right to collect future benefits was reduced by 152 effective days. Claimant appealed the finding that he intentionally made false statements in order to obtain benefits and the Unemployment Insurance Appeal affirmed. We find substantial evidence in the record to support the Board's decision.

"Wilful", as used in Labor Law § 594, means knowingly, intentionally or deliberately making a false statement (*see, Matter of Silverstein [Sweeney]*, 236 AD2d 757, 758; *Matter of Marinelli [Hudacs]*, 195 AD2d 741). Here, although claimant stated that he was misinformed by law school officials as to

how the work study earnings would affect his unemployment insurance benefits, claimant admittedly never inquired at the local unemployment office. Significantly, "reliance on erroneous advice is no defense to an intentional false statement" (*Matter of Marinelli [Hudacs], supra*, at 742). Claimant concedes that he was supplied with the appropriate informational handbook and, under the circumstances, we find no reason to disturb the Board's decision.

Yesawich Jr., J. P., Peters, Spain, Carpinello and Graffeo, JJ., concur. Ordered that the decision is affirmed, without costs.