■ In the Matter of the Claim of RON J. HARRINGTON, Appellant. COMMISSIONER OF LABOR, Respondent. [741 NYS2d 334] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed June 22, 2001, which, inter alia, ruled that claimant was disqualified from receiving unemployment insurance benefits because he voluntarily left his employment without good cause.

Claimant appeals from the decision of the Unemployment Insurance Appeal Board solely on the ground that there was insufficient evidence to support the finding that a misstatement that he admittedly made on his preliminary application for benefits was "willful" within the meaning of Labor Law § 594. He explains that his initial application for benefits was made over the telephone using an automated system that required him to select one reason from a list of reasons for his current unemployment. When none of the options seemed appropriate to claimant, whose reason for resigning was the "uncomfortable" circumstances of his employment including duties that he felt incapable of performing well, he selected the number on the system's menu indicating that his employment ended due to lack of work. It is worthy of note that six days later, when claimant followed up with a written application for benefits, he stated that he had left his employment because he was dissatisfied with his job responsibilities, making no reference to a "lack of work." The Board ruled, nonetheless, that claimant's selection of the wrong reason for quitting in the automated application for benefits constituted a willful misstatement to obtain benefits. He was, accordingly, charged with a recoverable overpayment of benefits and the loss of eight benefit days.

Based on the record before us, the finding that claimant's false statement was "willful," i.e., made "knowingly, intentionally or deliberately" (*Matter of Scott [Commissioner of Labor]*, 257 AD2d 871, 871, *lv denied* 93 NY2d 808; *see, Matter of Silverstein [Sweeney]*, 236 AD2d 757, 758), is not supported by substantial evidence. Instead, it appears that he became flustered while attempting to navigate the automated applica-

tion system and, as a result, inadvertently entered a misstatement of the reason for his unemployment. We find the fact that claimant amended the misstatement less than a week later when he filled out his written application for benefits particularly probative of a lack of any intended deception.

Even in the absence of willfulness, the benefit payments made to claimant are recoverable under Labor Law § 597 (4), based on the Board's uncontested ruling that he left his employment for personal and noncompelling reasons. The penalty of a loss of eight benefit days imposed under Labor Law § 594, however, was improper given the lack of substantial evidence that his misstatement was willful. The decision of the Board is, accordingly, modified to delete this penalty.

Spain, J.P., Carpinello, Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the decision is modified, without costs, by reversing so much thereof as charged claimant with the loss of eight benefit days, and, as so modified, affirmed.