■ In the Matter of the Claim of RITA BIANCO, Appellant. COMMISSIONER OF LABOR, Respondent. [863 NYS2d 276]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed April 25, 2007, which, upon reconsideration, adhered to its prior decision ruling, among other things, that claimant was disqualified from receiving unemployment insurance benefits because her employment was terminated due to misconduct.

Claimant worked as a secretary/stenographer for the employer from October 18, 2004 through September 27, 2006. Her work hours were from 9:00 A.M. to 5:00 P.M. Monday through Friday. Despite a disciplinary hearing at which claimant was warned about her tardiness and poor work performance, she was late for work 24 times in August and September 2006, and her employment was terminated as a result. Although claimant initially received unemployment insurance benefits in the amount of $307, the Unemployment Insurance Appeal Board subsequently disqualified her from receiving them on the basis that she lost her employment due to misconduct. The Board also charged her with a recoverable overpayment pursuant to Labor Law § 597 (4) and, upon finding that she made a willful misrepresentation to obtain benefits, reduced her right to receive future benefits by eight effective days. The Board adhered to this decision upon reconsideration and claimant now appeals.

It is well settled that continued tardiness, despite prior warnings, may constitute misconduct disqualifying a claimant from receiving unemployment insurance benefits (*see Matter of Van Beek [Commissioner of Labor]*, 32 AD3d 622 [2006]; *Matter of Rush [Commissioner of Labor]*, 10 AD3d 798, 799 [2004]). In the case at hand, it is undisputed that claimant was late for work on numerous occasions after being warned that such conduct would result in her termination. Accordingly, substantial evidence supports the Board's decision disqualifying her from receiving benefits. Furthermore, inasmuch as claimant made a factually false statement that she lost her job due to her failure to meet the employer's standards, substantial evidence also supports that part of the Board's decision charging claimant with a recoverable overpayment (*see* Labor Law § 597 [4]; *Matter of Harrington [Commissioner of Labor]*, 294 AD2d 637, 638 [2002]). We reach a different conclusion, however, with respect to the Board's imposition of a forfeiture penalty given the absence of evidence to suggest that her misstatement concerning the reason for her termination was willful (*see* Labor Law § 594; *Matter of Harrington [Commissioner of Labor]*, 294 AD2d at 638).

Mercure, J.P., Carpinello, Lahtinen, Malone Jr. and Stein, JJ., concur. Ordered that the decision is modified, without costs, by reversing so much thereof as charged claimant with the loss of eight benefit days, and, as so modified, affirmed.