Matter of Bruce (Town of N. Hempstead--Commissioner of Labor) (2020 NY Slip Op 03705)





Matter of Bruce (Town of N. Hempstead--Commissioner of Labor)


2020 NY Slip Op 03705


Decided on July 2, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 2, 2020

528976

[*1]In the Matter of the Claim of Matthew Bruce, Respondent. Town of North Hempstead, Appellant. Commissioner of Labor, Respondent.

Calendar Date: June 11, 2020

Before: Egan Jr., J.P., Lynch, Devine, Pritzker and Reynolds Fitzgerald, JJ.


Leonard G. Kapsalis, Town Attorney, Manhasset (Selena S. Berbig of counsel), for appellant.
David E. Woodin, Catskill, for Matthew Bruce, respondent.



Devine, J.
Appeal from a decision of the Unemployment Insurance Appeal Board, filed July 11, 2018, which, upon reopening and reconsideration, ruled, among other things, that claimant was entitled to receive unemployment insurance benefits.
Claimant was on suspension from his employment when he was accused of attempting to run one of the employer's vehicles off the road. Thereafter, claimant was discharged from his employment. Claimant contested his discharge through arbitration pursuant to the collective bargaining agreement. Prior to an arbitration decision, an unemployment insurance hearing was held. The Administrative Law Judge (hereinafter ALJ) denied a joint request by the parties to adjourn the matter until the arbitrator's decision was issued. Following the conclusion of the unemployment insurance hearing, but prior to the ALJ issuing a decision, an arbitrator issued a decision finding that claimant engaged in misconduct warranting his discharge. The employer mailed a copy of the arbitrator's decision to the ALJ and asked that she take judicial notice of it. The ALJ issued a decision a few days later in which she did not mention the arbitrator's decision, found that no evidence established that claimant engaged in the alleged misconduct and ruled that claimant was entitled to receive unemployment insurance benefits. The employer appealed and contended that the ALJ's decision was contrary to the arbitrator's decision, which it maintained was final and binding. The Unemployment Insurance Appeal Board found, among other things, that the ALJ did not abuse her discretion in denying an adjournment and affirmed. The employer appeals.
We reverse. Although "the Board is not bound by arbitration decisions regarding [a] claimant's discharge issued subsequent to the time the Board rendered its decision" (Matter of Tucek [Big V Supermarkets-Commissioner of Labor], 277 AD2d 628, 629 [2000]), the Board was informed of the arbitration decision prior to its decision. As such, the factual findings of the arbitrator should have been accorded collateral estoppel effect in relation to the final unemployment insurance decision, so long as the parties had a full and fair opportunity to litigate the misconduct issue at the arbitration hearing (see Matter of Ranni [Ross], 58 NY2d 715, 717-718 [1982]; Matter of Brauner [Patchogue Nursing Ctr.-Hartnett], 162 AD2d 838, 840 [1990], lv dismissed 76 NY2d 1018 [1990]; see also Ryan v New York Tel. Co., 62 NY2d 494, 500-501 [1984]). The fact that the arbitration decision was issued after the conclusion of the unemployment insurance hearing does not preclude its consideration for collateral estoppel purposes, as "the final factfinder in the administrative process is the Board, not the ALJ" (Matter of Brauner [Patchogue Nursing Ctr.-Harnett], 162 AD3d at 840; accord Matter of Rolle [Nassau County Civil Serv. Commn.-Commissioner of Labor], 258 AD2d 871, 872 [1999]; see Matter of Edie [New York City Tr. Auth.-Commissioner of Labor], 253 AD2d 952, 953 [1998]).[FN1] As the Board indicated that the arbitrator's decision was not part of the record before it — despite that decision being the focus of, and a copy of it annexed to, the employer's administrative appeal — the matter must be remitted in order for the employer to submit the arbitration decision into the record and to provide an opportunity for claimant and the employer to provide additional evidence and testimony regarding the nature of the arbitration hearing (see e.g. Matter of Rolle [Nassau County Civil Serv. Commn.-Commissioner of Labor], 258 AD2d at 871-872).
Egan Jr., J.P., Lynch, Pritzker and Reynolds Fitzgerald, JJ., concur.
ORDERED that the decision is reversed, without costs, and matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent with this Court's decision.



Footnotes

Footnote 1: To the extent that Matter of Duffy (Initial Cleaning Servs.-Sweeney) (231 AD2d 770, 770 [1996]) suggests otherwise, it should not be followed.