■ In the Matter of the Claim of YVONNE G. PALMITESSO, Appellant. JOSEPH D. CASTADO, Doing Business as SUNRISE NURSING HOME, Respondent; COMMISSIONER OF LABOR, Respondent. [678 NYS2d 159] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed June 2, 1997, which ruled that claimant was disqualified from receiving unemployment insurance benefits because she voluntarily left her employment without good cause.

Claimant was employed for over 40 years with a nursing home which had been owned and operated by her family. In

April 1995, after decades of lawsuits, a new owner took possession of the business; claimant tendered her resignation on the same day. The Unemployment Insurance Appeal Board, reversing the decision of the Administrative Law Judge, denied claimant's application for unemployment insurance benefits on the ground that she voluntarily left her employment without good cause.

Substantial evidence supports the Board's decision. It is well settled that inability to get along with one's employer does not constitute good cause for leaving employment nor does resignation in anticipation of discharge (*see generally, Matter of Barney [North Star Indus.—Hudacs]*, 196 AD2d 924, 925). Despite years of litigation between the new owner and claimant's family, the new owner had assured all of the employees, including those related to the previous owners, that their jobs were secure. Furthermore, although the parties dispute the circumstances under which claimant tendered her resignation, this created a credibility issue for the Board to resolve and it was not bound by the credibility determinations of the Administrative Law Judge (*see, Matter of Lugo [Milford Mgt.—Commissioner of Labor]*, 251 AD2d 742). Claimant's remaining contentions have been reviewed and found to be without merit.

Cardona, P. J., Mikoll, Mercure, White and Yesawich Jr., JJ., concur. Ordered that the decision is affirmed, without costs.