■ In the Matter of the Claim of ELIZABETH MALDONADO, Appellant. COMMISSIONER OF LABOR, Respondent. [689 NYS2d 255] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed December 24, 1997, which charged claimant with a recoverable overpayment of benefits.

After claimant left her employment as a warranty administrator for an automobile dealership, she applied for unemployment insurance benefits in March 1997. The local unemployment insurance office disqualified claimant from receiving benefits on the basis of its conclusion that claimant voluntarily quit her job without good cause. Upon claimant's request, a hearing was held after which, in a decision filed May 20, 1997, the Administrative Law Judge (hereinafter ALJ) specifically stated in the findings of fact and opinion sections of the decision that claimant was disqualified from receiving unemployment insurance benefits because she quit her job without good

cause. Nevertheless, the last sentence of the decision stated: "The initial determination is overruled." Apparently, due to confusion over the final sentence, claimant started receiving unemployment insurance benefits even though claimant filed a notice of appeal of this decision with the Unemployment Insurance Appeal Board. In a July 7, 1997 decision, the Board sustained the initial determination, adopted the ALJ's findings and opinion and affirmed the ALJ's decision, which the Board noted had "sustained the initial determination". Claimant filed no notice of appeal from this decision.

Thereafter, by initial determination dated October 7, 1997, the local unemployment insurance office charged claimant with a recoverable overpayment of benefits of $7,800. Claimant requested a hearing and her attorney sent a letter to the Board requesting that notice of overpayment be rescinded because the prior July 7, 1997 decision of the Board was actually in claimant's favor because it affirmed the ALJ's decision. On November 6, 1997, the Board issued a "resettled" decision purporting to revise its July 7, 1997 decision by specifically noting that the ALJ's May 20, 1997 decision inadvertently stated that the initial determination of the local unemployment insurance office was overruled when it should have said that it was sustained. Claimant did not file a notice of appeal from this decision despite language in the decision indicating that she had a right to do so. Subsequently, a different ALJ held a hearing restricted to the separate issue of overpayment of benefits. The ALJ sustained this determination in a decision filed November 13, 1997. The Board affirmed in a decision filed December 24, 1997 and this appeal by claimant followed.

We affirm. Notably, although claimant vigorously maintains that she did not leave her job without good cause, it is clear that she did not appeal from the July 7, 1997 or November 6, 1997 decisions concluding that she was not entitled to collect benefits. Accordingly, we have no authority to consider claimant's arguments in this regard (*see, Matter of Gianna [Commissioner of Labor]*, 250 AD2d 921). Moreover, given the record before us, we find substantial evidence to support the Board's conclusion that claimant was properly charged with a recoverable overpayment of benefits (*see, id.*).

Cardona, P. J., Mikoll, Carpinello and Graffeo, JJ., concur. Ordered that the decision is affirmed, without costs.