■ In the Matter of the Claim of CLYDE ROPER, Appellant. NEW YORK CITY DEPARTMENT OF CITYWIDE ADMINISTRATION,

---

Respondent; COMMISSIONER OF LABOR, Respondent. [705 NYS2d 726] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed January 12, 1999, which dismissed claimant's appeal from a decision of an Administrative Law Judge as untimely.

By decision dated and mailed on August 19, 1998, an Administrative Law Judge (hereinafter ALJ) ruled, *inter alia*, that claimant was disqualified from receiving unemployment insurance benefits because he lost his employment through misconduct in connection therewith. Claimant appealed to the Unemployment Insurance Appeal Board from this decision by written notice dated December 15, 1998. A hearing before the Board was then held for the purpose of considering the timeliness of claimant's appeal. Claimant appeared at the hearing and testified that he received the ALJ's decision "shortly after the hearing" but did not appeal based upon his attorney's advice to wait for a pending arbitration decision. Inasmuch as it appeared that claimant failed to comply with the 20-day filing requirement of Labor Law § 621 (1), the Board dismissed claimant's appeal and this appeal ensued.

We have reviewed claimant's arguments and, given the evidence in the record and the permissible inferences that can be drawn therefrom, we find no reason to disturb the Board's decision dismissing claimant's appeal as untimely (*see, Matter of Foley [Commissioner of Labor]*, 252 AD2d 712; *Matter of Speed [Sweeney]*, 243 AD2d 807). While claimant maintains that the decision should be reversed because there was no proof produced at the hearing establishing that his attorney was also served with a copy of the ALJ's decision, we note that this issue was not raised at the hearing. At no point did claimant allege that his failure to file a notice of appeal was due to lack of notice to his attorney. Instead, claimant testified that he received the decision in August 1998 and thereafter called his attorney seeking advice as to how to proceed.

Cardona, P. J., Mercure, Carpinello, Graffeo and Mugglin, JJ., concur. Ordered that the decision is affirmed, without costs.