■ In the Matter of the Claim of ANTHONY FONTAINE, Appellant. COMMISSIONER OF LABOR, Respondent. [724 NYS2d 377] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed July 11, 2000, which, *inter alia*, charged claimant with a recoverable overpayment of benefits.

Claimant was discharged from his employment as a youth development specialist and thereafter applied for, and collected, unemployment insurance benefits for the period December 21, 1997 to February 8, 1998. The employer subsequently objected to claimant's eligibility to receive benefits, asserting that he had been discharged under disqualifying circumstances. Following a hearing, the Administrative Law Judge issued a determination filed February 20, 1998, finding that claimant was disqualified from receiving benefits because

his employment had been terminated due to misconduct. Claimant did not appeal from this determination. Thereafter, on February 26, 1998, the Commissioner of Labor issued an initial determination charging claimant with a recoverable overpayment of benefits in the amount of $1,288, and on April 24, 2000, claimant requested a hearing. Following a hearing restricted to the issue of overpayment of benefits, the Administrative Law Judge sustained the Commissioner's objection that claimant's request for the hearing was untimely and continued in effect the initial determination. The Unemployment Insurance Appeal Board overruled the timeliness objection but sustained the initial determination charging claimant with an overpayment of benefits.

Claimant appeals challenging the determination that his employment was terminated due to disqualifying misconduct. Inasmuch as claimant never appealed the February 20, 1998 decision of the Administrative Law Judge, we have no authority to consider his argument in this regard (*see, Matter of Dwyer [Commissioner of Labor]*, 273 AD2d 675; *Matter of Maldonado [Commissioner of Labor]*, 260 AD2d 885). Moreover, the record provides substantial evidence to support the Board's conclusion that claimant was properly charged with a recoverable overpayment of benefits (*see, id.*).

Cardona, P. J., Crew III, Peters, Mugglin and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.