◼ In the Matter of the Claim of SHEILA J. MOLDEN, Appellant. COMMISSIONER OF LABOR, Respondent. [726 NYS2d 878] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed April 3, 2000, which charged claimant with a recoverable overpayment of unemployment insurance benefits.

Following her discharge from employment as a catering sales manager, claimant applied for and received unemployment insurance benefits. The Unemployment Insurance Appeal Board ultimately ruled that claimant was disqualified from receiving benefits because she was discharged from employment due to misconduct. Thereafter, in a separate decision filed April 3, 2000, the Board upheld a determination charging claimant with a recoverable overpayment of $6,201.25 in unemployment insurance benefits. This appeal ensued.

We affirm. To the extent that claimant asserts that she did not engage in misconduct, we note that inasmuch as she did not appeal from the Board's October 2, 1998 decision holding that she was disqualified from receiving unemployment insurance benefits, we have no authority to consider the issue (*see,*

*Matter of Dwyer [Commissioner of Labor]*, 273 AD2d 675; *Matter of Maldonado [Commissioner of Labor]*, 260 AD2d 885, 886). Moreover, given the record before us, we find substantial evidence to support the Board's conclusion that claimant was properly charged with a recoverable overpayment of benefits (*see, Matter of Tucek [Big V Supermarkets—Commissioner of Labor]*, 277 AD2d 628; *Matter of Maldonado [Commissioner of Labor], supra*).

Cardona, P. J., Spain, Carpinello, Mugglin and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.