◼ In the Matter of the Claim of THOMAS M. GRANT, Appellant. COMMISSIONER OF LABOR, Respondent. [741 NYS2d 756] —Lahtinen, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed July 27, 2001, which, upon reconsideration, adhered to its prior decision charging claimant with a recoverable overpayment of unemployment insurance benefits.

The sole issue raised on this appeal is whether claimant was correctly charged with a recoverable overpayment of unemployment insurance benefits under Labor Law § 597 (4). Claimant was discharged after one week on the job as a custodian. He subsequently received over $1,500 in benefits based, in part, upon his representation that the employer had given him no written or spoken warnings about his performance prior to firing him. At the ensuing administrative hearing, however, a representative for the employer testified that claimant had been twice warned during his only week of employment that his job performance was unacceptable based upon his failure to complete all of his job-related duties. In an April 2000 decision, the Administrative Law Judge (hereinafter ALJ) found that claimant had lost his employment due to misconduct and was, accordingly, disqualified from receiving benefits. Claimant failed to appeal from that decision; hence, the merits thereof are not now before this Court (see, Labor Law § 623 [1]; Matter of Blankenship [Commissioner of Labor], 286 AD2d 818, 819; Matter of Fontaine [Commissioner of Labor], 283 AD2d 825, 826).

Claimant did, however, appeal from a subsequent determination, rendered by the local unemployment insurance office, charging him with a recoverable overpayment of benefits based upon the April 2000 determination that claimant lost his employment due to misconduct. The ALJ at the February 2001 hearing, where the sole issue was the overpayment of benefits, acknowledged that the April 2000 determination "cannot be revisited at this juncture" but, nevertheless, held that the over-

payment was not recoverable because claimant misconstrued the meaning of his employer's warnings about his job performance. The Unemployment Insurance Appeal Board reversed, finding that the issue of recovery of overpayment was determined by the April 2000 determination from which no appeal was taken (*see*, Labor Law § 623 [1]). Claimant now appeals and we affirm.

Benefit payments made to claimant are recoverable under Labor Law § 597 (4), based on the unchallenged April 2000 determination that claimant's loss of employment was due to his misconduct (*see*, *Matter of Harrington [Commissioner of Labor]*, 294 AD2d 637).

Cardona, P.J., Mercure, Crew III and Peters, JJ., concur. Ordered that the decision is affirmed, without costs.