■ In the Matter of the Claim of DONALD W. LA ROCK, Appellant. COMMISSIONER OF LABOR, Respondent. [768 NYS2d 413]—

Kane, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed August 22, 2002, which, inter alia, charged claimant with a recoverable overpayment of unemployment insurance benefits.

On January 2, 2002, the local unemployment insurance office issued two determinations which, inter alia, denied claimant unemployment insurance benefits and charged him with a recoverable overpayment of $405. Apparently, at some later time, the same office sent a letter charging claimant with an additional recoverable overpayment of $3,645. On June 4, 2002, claimant requested administrative review of the January 2002 determinations. The Administrative Law Judge determined that claimant's hearing request was untimely, continued all determinations by the local office, and listed the recoverable overpayment as $4,050—the sum of $405 plus $3,645. The Unemployment Insurance Appeal Board ruled that claimant's request for review was untimely as to the January 2002 determinations, and ruled on the merits that claimant owed the $3,645 overpayment charged to him after those determinations were made.

Claimant's hearing request was barred by the applicable 30-day limitations period (*see* Labor Law § 620 [1] [a]). His contention that a temporary physical or mental incapacity prevented him from making a timely request is not subject to our review,

as it was not raised in the administrative forum (*see Matter of Roper [New York City Dept. of Citywide Admin.—Commissioner of Labor]*, 271 AD2d 737, 738 [2000]). In any event, he failed to offer any support for that contention. As claimant was precluded from challenging the determinations that he was disqualified from receiving benefits and made willful misstatements to obtain them, any benefit payments claimant received are recoverable (*see* Labor Law § 597 [4]; *Matter of Grant [Commissioner of Labor]*, 294 AD2d 736, 737 [2002]). Although the notice regarding the $3,645 recoverable overpayment was not included in the record, claimant acknowledged that he received benefits during a period when he was determined to be disqualified. Therefore, the Board properly determined that claimant is chargeable with recoverable overpayments of $4,050.

Crew III, J.P., Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.