■ In the Matter of the Claim of DELORA A. KINGSTON, Appellant. COMMISSIONER OF LABOR, Respondent. [771 NYS2d 916]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed July 7, 2003, which, inter alia, ruled that claimant was disqualified from receiving unemployment insurance benefits because she voluntarily left her employment without good cause.

Substantial evidence supports the decision of the Unemployment Insurance Appeal Board, reversing the determination of

the Administrative Law Judge (hereinafter ALJ) and ruling that claimant voluntarily left her employment without good cause. Claimant, employed by a temporary placement agency, was placed with a client as a receptionist. Claimant quit after she was dissatisfied with the way the client responded to her complaint that an upset customer threatened her. While fear for one's safety can constitute good cause for leaving employment (*see Matter of Trella [Commissioner of Labor]*, 253 AD2d 970, 971 [1998]), there is no evidence in the record to support a reasonable belief that claimant's physical safety was jeopardized. Furthermore, claimant's dissatisfaction with her working conditions, which she failed to bring to the employer's attention until one day before resigning, did not constitute good cause for leaving employment (*see Matter of Chereshnev [Commissioner of Labor]*, 296 AD2d 804, 805 [2002]). Although claimant maintains that she brought her concerns to the employer's attention on numerous occasions, "this created a credibility issue for the Board to resolve and it was not bound by the credibility determinations of the [ALJ]" (*Matter of Palmitesso [Castado—Commissioner of Labor]*, 253 AD2d 976, 977 [1998]). Inasmuch as no appeal was taken from the determination of the ALJ sustaining the initial finding of willful misrepresentation, claimant's attempt to challenge such determination is not properly before this Court (*see e.g. Matter of Fontaine [Commissioner of Labor]*, 283 AD2d 825, 826 [2001]). We have considered claimant's remaining arguments and conclude that they are without merit.

Mercure, J.P., Peters, Rose, Lahtinen and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.