In the Matter of MATTHEW J. BRANCATO, Appellant, v NEW YORK STATE BOARD OF REAL PROPERTY SERVICES, Respondent. [776 NYS2d 343]—

Kane, J. Appeal from a judgment of the Supreme Court

(Benza, J.), entered January 14, 2003 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to, inter alia, review a determination of respondent dismissing petitioner's request for review of a denial of his application to redetermine and adjust the 1999-2000 Oswego City School District tax levy apportionment.

This Court previously annulled a resolution by respondent establishing a 1999 segment special equalization rate for real property in the City of Oswego located in the Oswego City School District (*see Matter of City of Oswego v New York State Bd. of Real Prop. Servs.*, 280 AD2d 99 [2001], *lv denied* 96 NY2d 711 [2001]). After that decision, petitioner, a taxpayer in the district, requested that the district redetermine the full value of real property in the city and adjust the apportionment of taxes levied on that property for the 1999-2000 school year. The district's interim superintendent denied petitioner's redetermination request on the grounds that the district correctly established and apportioned the tax levy and petitioner's request was untimely.

Petitioner appealed to respondent. Respondent adopted a resolution, based on the recommendation of its referee, that it lacked the authority to review the superintendent's timeliness determination and, consequently, could not reach the merits. Petitioner then commenced this CPLR article 78 proceeding seeking to annul respondent's resolution, to determine that his application was timely, and to direct respondent to order the superintendent to issue an order consistent with petitioner's application. Supreme Court dismissed the petition, prompting petitioner's appeal.

Respondent incorrectly determined that it did not have authority to review the superintendent's timeliness determination. The relevant statute provides that upon a request for review, respondent "shall determine whether the district superintendent erred in his determination of full value or tax apportionment based thereon, for one or more of the reasons described in paragraph (a) of this subdivision" (RPTL 1314 [3] [c]). The reasons in paragraph (a) include the superintendent's failure to use an equalization rate furnished pursuant to RPTL 1314 or making a mathematical error in determining full value or apportionment (*see* RPTL 1314 [3] [a]). Although the statute provides the sole substantive basis upon which respondent can review a superintendent's decision, it is implicit that respondent must first review any procedural issues necessary to reach that substantive determination (*see e.g. Matter of Moore v Commissioner of Taxation & Fin.*, 4 AD3d 682 [2004] [timeliness de-

termination reviewed by Tax Appeals Tribunal]; *Matter of La Rock [Commissioner of Labor]*, 2 AD3d 1022 [2003] [timeliness determination reviewed by Unemployment Insurance Appeal Board]). Respondent applied an unreasonably narrow interpretation of the statute and case law when it determined that it had no authority to review the superintendent's timeliness determination. Accordingly, Supreme Court improperly dismissed the petition on that basis.*

Despite Supreme Court's improper dismissal on that ground, the petition should have been dismissed based on petitioner's failure to join a necessary party. The district, by its superintendent, was a necessary party because its rights could be inequitably affected by a judgment in this matter (*see* CPLR 1001 [a]; *Matter of Brignoni v Abrahamson*, 278 AD2d 565, 566-567 [2000]). The petition seeks not only a review of respondent's timeliness determination, but also an order reversing the superintendent's procedural and substantive determinations regarding petitioner's right to a refund. By failing to name the superintendent as a party, petitioner is improperly attempting to adjudicate a dispute without including the governmental agency which rendered the original decision being challenged (*see Matter of McNeill v Town Bd. of Town of Ithaca*, 260 AD2d 829, 829-830 [1999], *lv denied* 93 NY2d 812 [1999]). Because petitioner failed to join a necessary party who cannot now be joined because the statute of limitations has elapsed, the petition must be dismissed (*see Matter of Consolidated Edison Co. of N.Y. v State Bd. of Real Prop. Servs.*, 255 AD2d 8, 11 [1999]).

Crew III, J.P., Spain, Carpinello and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.

---

* Based on our ultimate resolution of this case, we do not address the correctness of the superintendent's timeliness determination nor the merits of petitioner's request to the district.