■ In the Matter of BEST PAYPHONES, INC., Respondent, v PUBLIC SERVICE COMMISSION et al., Appellants. [825 NYS2d 306]—

Crew III, J.P. Appeal from a judgment of the Supreme Court

(Clemente, J.), entered June 13, 2005 in Albany County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to modify a determination of respondent Public Service Commission.

Between June 1987 and December 1998, petitioner Best Payphones, Inc. purchased dialtone service to public access lines from respondent Verizon New York, Inc. Included in Verizon's charges for its dialtone service was a municipal tax surcharge on certain New York City taxes. Upon a determination by respondent Public Service Commission (hereinafter PSC) that resellers of dialtone service were not subject to the municipal tax surcharge, Verizon began crediting its customers for surcharges it previously had collected between January 1993 and October 1998. Petitioner, believing that it was entitled to reimbursement for the improper surcharges prior to January 1993, filed a complaint with the PSC seeking credits or refunds for the period from June 1987 until December 1992. The PSC, in a decision dated February 7, 2003, awarded petitioner refunds for October, November and December 1992, citing its policy of limiting billing error refunds to six years prior to a customer's complaint.

Dissatisfied with that ruling, petitioner commenced the instant CPLR article 78 proceeding, solely against the PSC, seeking annulment or modification of its determination. The PSC filed a verified answer making an objection in point of law requesting dismissal of the petition for petitioner's failure to serve Verizon, a necessary party. Apparently in response to that objection, petitioner, in September 2003, filed an amended petition naming Verizon as an additional respondent. Inasmuch as the amended petition was served on Verizon well after the running of the statute of limitations, Verizon moved to dismiss the petition for failure to join a necessary party within the limitation period, and the PSC again objected in point of law on the ground that Verizon was not timely served. Supreme Court denied Verizon's motion, rejected the PSC's objection in point of law and determined that the order of the PSC dated February 7, 2003 was arbitrary and capricious, finding that petitioner should have received a refund for overpayments beginning in 1987, and remanded the matter to the PSC for redetermination of the amount of refund due with interest. Verizon and the PSC appeal.

As a starting point, there can be no doubt that Verizon indeed was a necessary party to this CPLR article 78 proceeding inasmuch as petitioner sought a determination that would necessitate Verizon's payment of an additional five years of

refunds or credits for the previously paid municipal tax surcharges. Further, petitioner's failure to join Verizon prior to the running of the statute of limitations would require dismissal of the proceeding (*see Matter of Brancato v New York State Bd. of Real Prop. Servs.*, 7 AD3d 865, 867 [2004]) absent, among other things, the proffer of a justifiable excuse for neglecting to join Verizon in the first instance (*see Matter of Baker v Town of Roxbury*, 220 AD2d 961, 963-964 [1995], *lv denied* 87 NY2d 807 [1996]). No such excuse having been offered here, we are compelled to reverse and dismiss the petition. In light of this conclusion, we need not address the remaining issue raised on appeal—namely, whether the PSC's determination should have been upheld.

Peters, Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, and petition dismissed.