■ In the Matter of the Claim of PETER C. DeCARLO, Appellant. COMMISSIONER OF LABOR, Respondent. [901 NYS2d 763]— Rose, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed September 4, 2008, which, upon reconsideration, among other things, charged claimant with a recoverable overpayment of unemployment insurance benefits.

Claimant was employed by a tax preparation service and submitted various claims for unemployment insurance for the period between 2004 through 2006. In June 2006, the Department of Labor (hereinafter DOL) initially determined that claimant was ineligible to receive benefits because, among other things, he operated a property management service. In September 2006, an Administrative Law Judge (hereinafter ALJ) found that claimant was only eligible to receive benefits for two days during the week ending November 27, 2005 and one day during the week ending January 1, 2006, during which claimant received holiday pay, and held that claimant had not made willful false statements to receive benefits after June 20, 2005. Neither claimant nor the DOL appealed those determinations.

The Unemployment Insurance Appeal Board ultimately issued a decision in September 2008, affirming the ALJ's findings and holding that claimant had not made willful false statements to receive benefits prior to June 21, 2005. Agreeing that claimant was ineligible to receive benefits for the claim period beginning July 10, 2005, as well as two days each during the weeks ending November 6, 2005, November 27, 2005, and January 1, 2006, because he was not totally unemployed, the Board referred the case back to the DOL to recalculate the amount of claimant's overpayment.

On his appeal, claimant concedes that the Board ruled in his favor in its September 2008 decision, but seeks to challenge the

basis for the DOL's initial finding that he was not totally unemployed and, thus, was ineligible to receive benefits for certain periods during 2005 and 2006. However, inasmuch as claimant did not appeal from the ALJ's decision in which that determination was first rendered, the issue of his eligibility is not now before this Court (*see* Labor Law § 623 [1]; *Matter of Shamilov [Commissioner of Labor]*, 68 AD3d 1293, 1294 [2009]; *Matter of Grant [Commissioner of Labor]*, 294 AD2d 736, 736 [2002]).

We have examined claimant's remaining contentions and find them to be either unpreserved or without merit.

Spain, J.P., Lahtinen, Garry and Egan Jr., JJ., concur. Ordered that the decision is affirmed, without costs.