■ In the Matter of NOEL GONZALEZ, Appellant, v NEW YORK STATE DEPARTMENT OF CORRECTIONAL SERVICES, Respondent.—Judgment unanimously affirmed without costs. Memorandum: On November 21, 1989, petitioner, while on suspension for disciplinary reasons, resigned from respondent's employment. On April 5, 1990, petitioner wrote to respondent and requested that it permit him to rescind his resignation and reinstate him to his former position. That request was denied on April 24, 1990. On August 9, 1990, petitioner commenced the present proceeding, alleging that respondent's determination not to reinstate him was arbitrary and capricious and an abuse of discretion. Because the determination to

accept his resignation was final and binding in November 1989, and because the proceeding was in the nature of mandamus to review (CPLR 7803 [3]), Supreme Court correctly held that it was time-barred pursuant to CPLR 217. Additionally, petitioner's requests for reconsideration and reinstatement did not serve to extend the four-month period within which he was required to commence a CPLR article 78 proceeding *(see, Matter of De Milio v Borghard,* 55 NY2d 216, 218-220; *Matter of Johnson v Christian,* 114 AD2d 321; *Matter of Fiore v Board of Educ. Retirement Sys.,* 48 AD2d 850, *affd* 39 NY2d 1016).

On appeal, petitioner contends that the proceeding was timely commenced because his resignation was made under duress and was equivalent to being discharged. He further alleges that, since he was discharged without a hearing, respondent failed to perform a duty enjoined upon it by law. Petitioner contends that this proceeding was therefore in the nature of mandamus to compel and was timely because the Statute of Limitations began to run upon respondent's refusal to reinstate him. Because petitioner did not advance those arguments in his petition, or by affidavit before Special Term, we decline to consider them *(see, Antone v General Motors Corp., Buick Motor Div.,* 64 NY2d 20, 31; *Matter of Silverman [Benmor Coats],* 61 NY2d 299, 310-311). (Appeal from Judgment of Supreme Court, Erie County, Wolfgang, J.—Article 78.) Present—Boomer, J. P., Pine, Lawton, Davis and Doerr, JJ.