■ BRUCE BITTERMAN, Appellant, v HERRICKS TEACHERS' ASSOCIATION et al., Respondents. (Matter No. 1.) In the Matter of BRUCE BITTERMAN, Appellant, v HERRICKS UNION FREE SCHOOL DISTRICT, Respondent. (Matter No. 2.) [632 NYS2d 173] —In (1) an action to recover damages for breach of contract and breach of a union's duty of fair representation, and (2) a proceeding pursuant to CPLR article 78 to review a determination of the Herricks Union Free School District terminating Bruce Bitterman's employment as a basketball coach, the appeal is from a judgment of the Supreme Court, Nassau County (DeMaro, J.), entered February 7, 1994, which dismissed the complaint and the proceeding.

Ordered that the judgment is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.

By letter dated March 12, 1993, Bruce Bitterman was advised that he would "not be reemployed as girls basketball coach for the school year 1993-94" by the Herricks Union Free School District (hereinafter the School District). Bitterman was subject to a collective bargaining agreement pursuant to which he was free to file a grievance at any time within "thirty (30) days after the event constituting the alleged violation became knowable to [him]". After the issuance of the March 12, 1993 letter, Bitterman failed to file a timely grievance pursuant to Step I of the grievance procedure noted above.

On November 10, 1993, Bitterman's attorneys purchased Index Number 93-030915 and Index Number 93-030916, and separately filed a notice of petition and a summons with no-

tice, thus commencing a CPLR article 78 proceeding and a plenary action. In connection with the plenary action, the original summons named the Herricks Teachers' Association (hereinafter the union) as the sole defendant. Subsequently, the attorneys filed an amended summons and verified complaint naming the School District as an additional defendant.

The School District moved to dismiss both the CPLR article 78 proceeding and the action. The union separately moved to dismiss the action insofar as the complaint was asserted against it. The Supreme Court granted these motions on Statute of Limitations grounds and also noted that General Associations Law § 13 also permitted the dismissal of the action as against the union. Bitterman has appealed. We affirm.

The record establishes that the union's refusal to represent Bitterman in connection with his grievance was communicated to him by letter dated May 13, 1993, after Bitterman's right to file a grievance had expired. Any actual harm to Bitterman had occurred as of that date. Therefore, Bitterman's cause of action based on allegations of breach of the union's duty of fair representation accrued at the time he "knew or should have known" of the union's refusal to assist him (see, CPLR 217 [2] [a]). This clearly occurred more than 4 months before he commenced the action against the union on November 10, 1993 (see also, Kleinmann v Bach, 195 AD2d 736).

The CPLR article 78 proceeding and the action against the School District were also untimely. The challenged determination was final and binding as of March 12, 1993, and the CPLR article 78 proceeding was commenced more than 4 months thereafter. Bitterman did not invoke the grievance procedure until after his right to file a grievance had expired, and his invocation of this unavailable remedy did not toll the Statute of Limitations (see, Matter of Lubin v Board of Educ., 60 NY2d 974; Matter of Vasbinder v Hartnett, 129 AD2d 894). The plenary action against the School District is subject to dismissal for the additional reason that the School District was added as a party without court permission (see, CPLR 1003; see also, Dauerheim v Lendlease Cars, 202 AD2d 624; Ospina v Vimm Corp., 203 AD2d 440; Reid v Niagara Mach. & Tool Co., 170 AD2d 662).

We need not pass on the Supreme Court's reliance on General Associations Law § 13, or on any of the remaining arguments advanced by counsel. Bracken, J. P., Sullivan, Friedmann and Krausman, JJ., concur.