In the Matter of the Arbitration between Otu A. Obot, Respondent, and New York State Department of Correctional Services, Appellant. [637 NYS2d 544] —Order reversed on the law without costs, petition denied, motion granted and award confirmed. Memorandum: Supreme Court erred in vacating the arbitrator's award, ordering a rehearing before a new arbitrator, directing the new arbitrator to consider new matters, and denying respondent's motion for an order confirming the award. Petitioner failed to meet his heavy burden of demonstrating that the arbitrator's award is "violative of a strong public policy * * * [or] totally irrational or clearly exceeds a specifically enumerated limitation on the arbitrator's power" *(Matter of Town of Callicoon [Civil Serv. Empls. Assn.],* 70 NY2d 907, 909, citing *Matter of Silverman [Benmor Coats],* 61 NY2d 299, 308; *see, North Syracuse Cent. School Dist. v North Syracuse Educ. Assn.,* 45 NY2d 195, 200; *Rochester City School Dist. v Rochester Teachers Assn.,* 41 NY2d 578). The court also erred in considering new evidence proffered by petitioner on respondent's motion for leave to reargue. It is well settled that a court lacks the power to consider newly submitted evidence when reviewing an arbitration proceeding *(see, Matter of Central Gen. Hosp. v Hanover Ins. Co.,* 49 NY2d 950, 951; *Matter of Hirsch Constr. Corp. [Cooper],* 181 AD2d 52, *lv denied* 81 NY2d 701; *Matter of Mole [Queen Ins. Co.],* 14 AD2d 1).

All concur except Fallon and Callahan, JJ., who dissent and vote to affirm in the following Memorandum.

Fallon and Callahan, JJ. (dissenting). We respectfully dissent. Petitioner was terminated by respondent, New York State Department of Correctional Services, after an unblemished 14-

year record of employment; he allegedly told a co-employee that he "thought" he had seen a co-employee having sexual relations with a prisoner. The arbitrator concluded that petitioner had violated two provisions of the employee manual. The first, section 3.4, provides: "Falsification of records. No employee shall knowingly make a false official report or statement, orally or in writing, or make, maintain, or cause to be made a false record or false entry in official records." The second, section 2.5, provides in relevant part: "Compliance with orders. A lawful order given by a superior to a subordinate shall be executed promptly and properly by the subordinate". Petitioner vigorously denies having made the comments attributed to him; however, for the purposes of this appeal, he acknowledges that he cannot raise an issue of credibility. In our view, the comments made by petitioner did not constitute a violation of either of the quoted sections of the manual and the decision of the arbitrator to the contrary is totally unsubstantiated by the record, as is his decision to uphold petitioner's termination. Supreme Court, in vacating the award, cited the following language from *Matter of Albany County Sheriff's Local 775 (Albany County)* (63 NY2d 654, 656): "The applicable principle is that an arbitrator's award 'will not be vacated * * * unless it is violative of strong public policy, or is totally irrational' ".

In our view, the award was "totally irrational". The fact that it may also have been violative of strong public policy does not appear in the record until respondent made a motion to reargue, at which time petitioner in a responding affidavit set forth facts that could very well explain the bizarre award. At that time, petitioner for the first time placed on the record the fact that he had been a witness in a race discrimination case against respondent in Federal court, involving the Elmira Reformatory. In that case, Judge Larimer in finding for the plaintiff relied in part upon the testimony of the petitioner herein. Judge Larimer noted that "Otu Obot's testimony was remarkable in several respects. The testimony showed just how entrenched the racial bias was at Elmira * * * Time and again Obot's efforts to make race-neutral program assignments were thwarted by staff and guards. Incredibly, in a few instances, Obot was himself harassed and intimidated by the offending guards. Apparently, nothing was done by top administrators concerning Obot's complaints" *(Santiago v Miles,* 774 F Supp 775, 801). In an affidavit, petitioner states that he was transferred shortly after he had testified, from Elmira to Bare Hill Correctional Facility in Malone, New York. Petitioner states in his affidavit that the Deputy Superintendent of that

facility, John Sabourin, called him "a miserable son of a bitch for testifying" and said, "We'll get you. We're going to do something. We've got time, we can wait."

The charges that form the basis for the arbitration were brought against petitioner in 1993. Although petitioner contends that he advised his union attorney of what had transpired up to that point, none of that information was placed on the record before the arbitrator. Although we are aware of the procedural niceties upon which the majority bases its decision, we would affirm the order of Supreme Court vacating the award and allowing petitioner to explore fully this entire unseemly matter before a new arbitrator with an attorney of his own choosing. (Appeal from Order of Supreme Court, Erie County, Joslin, J.—Arbitration.) Present—Lawton, J. P., Fallon, Callahan, Balio and Boehm, JJ.