■ ANA P. JIMENEZ, Appellant, v UNITED FEDERATION OF TEACHERS et al., Respondents. [657 NYS2d 672] —Order, Supreme Court, New York County (Charles Ramos, J.), entered March 29, 1996, which, in an action by plaintiff acting public school

principal against defendant teachers' union and, its agents for defamation and breach of the duty of fair representation, granted defendants' motion to dismiss the complaint for failure to state a cause of action, unanimously affirmed, without costs.

We agree with the motion court that plaintiff, having subjected herself to the appointment process for public school principal, and in fact having temporarily acted as such during that process, was a public figure for the purpose of that process (*accord, Johnson v Robbinsdale Ind. School Dist. No. 281*, 827 F Supp 1439, 1443 [D Minn]), and, as such, was required but failed to allege facts sufficient to show actual malice with convincing clarity (*see, Freeman v Johnston*, 84 NY2d 52, 56, *cert denied* 513 US 1016). In any event, the offending statements that were published in defendant's newspaper either are not susceptible to a defamatory meaning (*see, Aronson v Wiersma*, 65 NY2d 592, 594), or constitute nonactionable opinions (*see, 600 W. 115th St. Corp. v Von Gutfeld*, 80 NY2d 130, *cert denied* 508 US 910), or enjoy an absolute privilege under Civil Rights Law § 74 as a substantially true report of an official proceeding (*see, Holy Spirit Assn. for Unification of World Christianity v New York Times Co.*, 49 NY2d 63, 67-68). The cause of action for breach of the duty of fair representation is barred by the Statute of Limitations (CPLR 217 [2] [a]) as well as by the merits dismissal of that very charge by the Public Employment Relations Board. In any event, plaintiff, as an acting principal, was owed no duty of fair representation by defendant. Concur—Rosenberger, J. P., Nardelli, Rubin and Williams, JJ.