■ In the Matter of TERENCE F. MAJKA, as President of Teamster Local 182, on Behalf of SANDRA MUNGARI, et al. Appellants, v UTICA CITY SCHOOL DISTRICT, Respondent. [668 NYS2d 831] —Judgment unanimously affirmed without costs. Memorandum: Supreme Court properly dismissed the petition in this CPLR article 78 proceeding as time-barred. Petitioners commenced this proceeding to challenge respondent's failure to comply with Civil Service Law § 75 in discharging petitioner Sandra Mungari from her employment in respondent's bus garage. Petitioners argue that the Statute of Limitations was tolled by a pending arbitration proceeding on the issue whether Mungari was represented by Teamster Local 182 (Teamster) or by the Service Employees International Union Local 200-B (SEIU). Petitioners argue that, if Mungari were deemed to be represented by SEIU, she had a right to pursue her grievance in arbitration, bypassing judicial review, whereas if she were deemed to be represented by Teamster, she would have to seek judicial review in a CPLR article 78 proceeding. Petitioners

further argue, however, that, if Mungari had commenced this proceeding before exhausting her administrative remedies, such as the arbitration proceeding, the CPLR article 78 proceeding would have been dismissed as premature. Thus, petitioners argue that the Statute of Limitations was tolled until the arbitrator determined that Mungari was represented by Teamster. We disagree. The pending arbitration proceeding was not instituted by the parties in order to resolve the present controversy, and thus it did not toll the Statute of Limitations (*see, Bitterman v Herricks Teachers' Assn.*, 220 AD2d 473, 474). Furthermore, the pursuit of an unavailable grievance procedure does not toll the Statute of Limitations (*see, Matter of Lubin v Board of Educ.*, 60 NY2d 974, 976, *rearg denied* 61 NY2d 905, 62 NY2d 803, *cert denied* 469 US 823; *see also, Matter of Vasbinder v Hartnett*, 129 AD2d 894, 894-895, *lv denied* 70 NY2d 606). The conflict between respondent and Teamster over Mungari's union representation did not prevent Mungari from preserving her rights by filing a timely CPLR article 78 proceeding.

Petitioners contend for the first time on appeal that this proceeding was timely commenced because it was in the nature of a writ of mandamus to compel, and such an action did not accrue until the date on which Mungari's demand for reinstatement was refused. Because that contention is raised for the first time on appeal, we do not consider it (*see, Gonzalez v New York State Dept. of Correctional Servs.*, 181 AD2d 1011, 1012, *lv denied* 80 NY2d 754; *see also, Antone v General Motors Corp.*, 64 NY2d 20, 31). (Appeal from Judgment of Supreme Court, Oneida County, Tenney, J.—CPLR art 78.) Present—Denman, P. J., Green, Pine, Balio and Fallon, JJ.