■ OTU A. OBOT, Appellant, v NEW YORK STATE DEPARTMENT OF CORRECTIONAL SERVICES et al., Respondents. (Appeal No. 1.) [682 NYS2d 767] —Order unanimously affirmed without costs. Memorandum: On April 8, 1993, defendant New York State Department of Correctional Services (DOCS) filed disciplinary charges against plaintiff, a senior correction counselor, and the matter proceeded to arbitration in accordance with the collective bargaining agreement. An attorney was appointed by defendant New York State Public Employees Federation AFL-CIO (union) to represent plaintiff in the arbitration. On December 13, 1993, the arbitrator found plaintiff guilty of violating two departmental rules, and he was terminated from his position.

By letter dated January 25, 1994, the union informed plaintiff that it would not commence a CPLR article 75 proceeding on his behalf to vacate the arbitration award (see, CPLR 7511). Plaintiff retained his own attorney and, on March 11, 1994, commenced a proceeding to vacate the award. For the first time, plaintiff argued that the charges against him had been initiated to retaliate for his having testified in a racial discrimination case in Federal court. According to plaintiff, he had not raised that argument in the arbitration proceeding because his union attorney "listened to none of this, had no time for it, and wanted [plaintiff] to plead guilty." By letter dated October 24, 1994, plaintiff's attorney informed the union's general counsel that the union "has breached its duty of fair representation to [plaintiff] in all matters connected with the arbitration in this case * * * including its failure to 'sponsor a proceeding to vacate [the] arbitration award'". On November 9, 1994, Supreme Court granted plaintiff's petition, vacated the arbitration award and ordered a rehearing.

DOCS appealed, and we reversed Supreme Court's order and confirmed the arbitration award (Matter of Obot [New York State Dept. of Correctional Servs.], 224 AD2d 1006). The Court of Appeals affirmed, holding that plaintiff did not demonstrate a cognizable legal basis for vacating the award (Matter of Obot [New York State Dept. of Correctional Servs.], 89 NY2d 883). The Court of Appeals further noted that a proceeding to vacate an arbitration award is not the proper forum for asserting a fair representation claim (Matter of Obot [New York State Dept. of Correctional Servs.], supra, at 886).

On April 17, 1997, plaintiff commenced the present action

against DOCS, the union, its president and its secretary-treasurer, and the union-appointed attorney and his law firm. The first cause of action alleges that the union and the union officers breached their duty of fair representation. The second cause of action alleges that DOCS breached the collective bargaining agreement by terminating plaintiff without just cause. The third cause of action alleges that DOCS violated Civil Service Law § 75-b by terminating plaintiff in retaliation for his testimony in the Federal case. The fourth cause of action alleges that the union-appointed attorney and his law firm were guilty of malpractice.

Supreme Court granted the motions of DOCS, the union and the union officers to dismiss the complaint as time-barred by the four-month Statute of Limitations (*see*, CPLR 217 [2]). Plaintiff's cause of action for breach of the duty of fair representation accrued either on December 13, 1993, the date of the arbitrator's award or, at the latest, January 25, 1994, when the union informed plaintiff that it would not commence a CPLR article 75 proceeding on his behalf to vacate the arbitrator's award (*see*, CPLR 217 [2] [a]). Thus, the four-month period of limitations had expired long before plaintiff commenced this action (*see*, *Rajter v Local No. 294 Affiliated With Intl. Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers*, 233 AD2d 559, 560; *Bitterman v Herricks Teachers' Assn.*, 220 AD2d 473, 474). Contrary to plaintiff's contention, the period within which to commence the present action was not tolled during the appeal of the CPLR article 75 proceeding (*cf.*, *Matter of Majka v Utica City School Dist.*, 247 AD2d 845, 846). Further, CPLR 205 (a) is not applicable because no claim for breach of the duty of fair representation was or could have been raised in the CPLR article 75 proceeding.

Because the second cause of action against DOCS is inextricably intertwined with the breach of the duty of fair representation cause of action against the union, it is similarly governed by the four-month period of limitations and is also time-barred (*see*, CPLR 217 [2] [b]; *King v New York Tel. Co.*, 785 F2d 31, 36, n 2, quoting *DelCostello v International Bhd. of Teamsters*, 462 US 151, 164).

The third cause of action alleging that DOCS violated Civil Service Law § 75-b, which prohibits retaliatory terminations of whistleblowers, is barred by the arbitrator's award. Where, as here, an employee is subject to dismissal under a final and binding arbitration provision contained in a collectively negotiated agreement, the employee must assert the protections afforded by section 75-b (2) as a defense before the arbitrator (*see*, Civil Service Law § 75-b [3] [a]).

We have examined plaintiff's remaining contentions and conclude that they lack merit. (Appeal from Order of Supreme Court, Erie County, Michalek, J.—Transfer Action.) Present—Green, J. P., Pine, Wisner, Balio and Boehm, JJ.