In the Matter of OBDULIO BRIGNONI, JR., Appellant, v RICHARD ABRAHAMSON, as President of the Law Enforcement Officers Union, District Council 82, AFSCME, AFL-CIO, et al., Respondents. [718 NYS2d 416] —Mugglin, J. Appeal from a judgment of the Supreme Court (Malone, Jr., J.), entered August 5, 1999 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondents' motions to dismiss the petition for, *inter alia,* untimeliness.

Petitioner was employed as a correction officer by the Department of Correctional Services (hereinafter DOCS) until July 1996, when he accepted a temporary promotion to the position of correction sergeant. He asserts that in March 1997 he became aware that this promotion was temporary, with no real expectation of receiving a permanent position of correction sergeant. In July 1997, petitioner's union, the Law Enforcement Officers Union, District Council 82 of the AFSCME, AFL-CIO (hereinafter the Union), brought a class action against DOCS on behalf of petitioner and other similarly situated correction officers holding these temporary promotions, in which action the Union asserted that the temporary promotional hiring practices of DOCS were unlawful, unconstitutional and constituted an abuse of discretion.

DOCS' offer of settlement, tendered in January 1998, had it been accepted by the Union, would have benefitted petitioner as he was then eligible under the terms of that offer to receive his permanent appointment. Following the Union's rejection of the offer in February 1998, petitioner commenced a grievance proceeding challenging the temporary nature of his promotion

to correction sergeant. The Governor's Office of Employee Relations dismissed this proceeding as "not grievable" under the terms of the collective bargaining agreement in existence between DOCS and the Union. In April 1998, the Union and DOCS settled the class action under terms which excluded petitioner from receiving a permanent appointment as a correction sergeant. On April 28, 1998, DOCS notified petitioner that his appointment to the position of correction sergeant was slated to be phased out and, in order to avoid the loss of certain seniority rights, on August 12, 1998, petitioner applied for and received a voluntary demotion to the position of correction officer. Petitioner then brought an improper practice charge against the Union with the Public Employment Relations Board (hereinafter PERB), alleging that the Union breached its duty of fair representation by settling the class action with DOCS in a manner detrimental to his interests. In a decision dated November 4, 1998, PERB dismissed the charge as untimely and also on the basis that petitioner failed to establish that the Union had breached its duty of fair representation.

When the administrative appeal of that decision to the Director of PERB was unsuccessful, petitioner then initiated this CPLR article 78 proceeding alleging against respondent Commissioner of Correctional Services that DOCS had wrongfully failed to give him a permanent promotion to the position of correction sergeant prior to February 2, 1998, on which date the eligibility list containing his name expired, and that DOCS' settlement with the Union had adversely affected his employment. As against respondent Richard Abrahamson, the Union president, petitioner again alleged that the Union had breached its duty of fair representation by settling the class action in a manner adversely affecting his employment. In addition, petitioner alleged that PERB had erred by dismissing his improper practice charge and demanded annulment of PERB's determination and a permanent appointment to the position of correction sergeant. Supreme Court granted respondents' motions to dismiss because petitioner failed to join PERB, a necessary party, and because this proceeding was improperly commenced by the service of a summons and complaint and, in any event, that the proceeding was untimely. Petitioner appeals and we affirm.

In this proceeding, petitioner specifically seeks to annul PERB's determination of February 25, 1999, which dismissed his improper labor practice charge alleged against the Union. A CPLR article 78 proceeding cannot be maintained in the

absence of the governmental agency that affected the action under review (*see, Matter of McNeill v Town Bd.*, 260 AD2d 829, 830, *lv denied* 93 NY2d 812; *Matter of Dawn Joy Fashions v Commissioner of Labor of State of N. Y.*, 181 AD2d 968). The absence of PERB, a necessary party, provides ample basis for dismissal of the proceeding (*see, Matter of McNeill v Town Bd.*, *supra*, at 830).

Next, we also conclude that Supreme Court correctly dismissed the proceeding as time barred. A proceeding which seeks to review the determination of a body or officer must be commenced within four months after the determination becomes final and binding (*see*, CPLR 217 [1]; *Matter of Harford Taxpayers for Honest Govt. v Town Bd.*, 252 AD2d 784; *Matter of New York State Rehabilitation Assn. v State of New York, Off. of Mental Retardation & Dev. Disabilities*, 237 AD2d 718, 719-720). Also, when an employee brings an action or proceeding against his employer or employee organization alleging, *inter alia*, that the employee organization breached its duty of fair representation to the employee, the proceeding must be commenced either within four months after the breach was discovered or within four months after the petitioner suffered actual harm, whichever is later (*see*, CPLR 217 [2]; *Matter of Obot v New York State Dept. of Correctional Servs.*, 256 AD2d 1089, *lv denied* 93 NY2d 1034).

This proceeding was commenced on March 25, 1999. Petitioner contends that his claims against the Commissioner can reasonably be construed as having accrued on any of the following three dates: (1) on March 12, 1997, when he discovered that his assignment to the position of correction sergeant was only temporary; (2) on or about April 28, 1998, upon his receipt of DOCS' letter notifying him that the class action had been settled with the result that his appointment as correction sergeant would be phased out; or (3) on August 12, 1998, when petitioner voluntarily applied for demotion to the position of correction officer. Apparently recognizing that the use of any of these dates still makes the proceeding manifestly untimely, petitioner makes two arguments that the Statute of Limitations was tolled. First, he asserts it was tolled during the pendency of his grievance proceeding against DOCS. We find no merit to this argument since the pursuit of an unavailable grievance procedure does not operate to toll the Statute of Limitations (*see, Matter of Lubin v Board of Educ.*, 60 NY2d 974, 976, *cert denied* 469 US 823). In addition to the grievance having been dismissed as "not grievable," the dismissal occurred on July 8, 1998, more than four months prior to the commence-

ment of this proceeding, rendering it untimely (*see, Matter of Hoffman v Village of Sidney*, 235 AD2d 698, 700).

Next, petitioner argues that his filing of an unfair labor practice charge with PERB tolled the Statute of Limitations. This argument is equally unavailing since DOCS was not a party to that proceeding and, in any event, it did not impinge upon petitioner's right to commence a timely CPLR article 78 proceeding against DOCS (*see, Matter of Majka v Utica City School Dist.*, 247 AD2d 845, 846). In view of this determination, we do not reach petitioner's contentions which are of a substantive nature.

We have reviewed the remainder of his contentions of a procedural nature and find them to be without merit.

Mercure, J. P., Spain, Carpinello and Rose, JJ., concur. Ordered that the judgment is affirmed, without costs.