■ ANTHONY DOLCE et al., Appellants, v BAYPORT-BLUE POINT UNION FREE SCHOOL DISTRICT et al., Respondents. [728 NYS2d 772] —In an action, *inter alia*, to recover damages for breach of contract, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Emerson, J.), dated April 14, 2000, as denied their motion for leave to serve a late notice of claim upon the defendants Bayport-Blue Point Union Free School District, Richard W. Curtis, as Superintendent of Schools, and Board of Education of the Bayport-Blue Point Union Free School District, and granted those branches of the defendants' respective cross motions which were to dismiss the complaint insofar as asserted against them as time-barred.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

The plaintiffs characterize their claims as involving, *inter alia*, breach of contract. However, the gravamen of the complaint is that the defendant Bayport-Blue Point Teachers' Association, Inc. (hereinafter the Teachers' Association) unfairly favored one group of teachers over the plaintiffs in negotiations with the remaining defendants over the terms of two successive retirement incentives, thereby causing the plaintiffs to lose salary and pension benefits. Their claims against the Teachers' Association are, in essence, for breach of duty of fair representation, and thus, are governed by the four-month Statute of Limitations in CPLR 217 (2) (a) (*see, Broderick v Board of Educ.*, 253 AD2d 836; *Clissuras v City of New York*, 131 AD2d 717). Therefore, the Supreme Court correctly determined that the plaintiffs' claims against the Teachers' Association

were time-barred (*see, Broderick v Board of Educ., supra; Bitterman v Herricks Teachers' Assn.,* 220 AD2d 473).

As the claims against the remaining defendants are inextricably intertwined with the claims against the Teachers' Association for breach of duty of fair representation, they are governed by the four-month Statute of Limitations in CPLR 217 (2) (b), and thus, are also time-barred (*see, Obot v New York State Dept. of Correctional Servs.,* 256 AD2d 1089). In addition, service of a notice of claim is a condition precedent to the commencement of an action against the remaining defendants (*see,* Education Law § 3813 [1]). Therefore, the Supreme Court correctly determined that it had no authority to grant the plaintiffs leave to serve a late notice of claim, since they sought leave after the Statute of Limitations had expired (*see,* Education Law § 3813 [2-a]; *Matter of Stevens v Board of Educ.,* 261 AD2d 698; *Matter of Sainato v Western Suffolk BOCES,* 242 AD2d 301). O'Brien, J. P., Krausman, Smith and Adams, JJ., concur.