■ ELIZABETH MILLER NABORS, Appellant, v TOWN OF SOMERS et al., Respondents, et al., Defendant. [863 NYS2d 813]—

In an action, inter alia, to recover damages for wrongful termination of the plaintiff's employment by the Town of Somers and for breach of the duty of fair representation of the plaintiff by CSEA Local 1000/AFSCME, the plaintiff appeals from an order of the Supreme Court, Westchester County (Smith, J.), dated October 26, 2007, which granted the motion of CSEA Local 1000/AFSCME to dismiss the complaint insofar as asserted against it pursuant to CPLR 3211 (a) (5) and granted the application of the Town of Somers pursuant to CPLR 7804 (g), in effect, to convert the action insofar as asserted against it to a CPLR article 78 proceeding, and to transfer the converted proceeding insofar as asserted against it to the Appellate Division, Second Department.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the application of the Town of Somers pursuant to CPLR 7804 (g) which was to transfer the converted proceeding insofar as asserted against it to the Appellate Division, Second Department, and substituting therefor a provision denying that branch of the application; as so modified, the order is affirmed, with costs to CSEA Local 1000/AFSCME payable by the plaintiff, and costs to the plaintiff payable by the Town of Somers.

The plaintiff alleges that CSEA Local 1000/AFSCME (hereinafter CSEA) a union of which she was then a member, breached the duty of fair representation that it owed to her by arbitrarily and capriciously denying her request to provide her with legal representation. A cause of action alleging that an employee organization such as CSEA has breached its duty of fair representation begins to accrue "within four months of the date the employee or former employee knew or should have known that the

breach has occurred, or within four months of the date the employee or former employee suffers actual harm, *whichever is later*" (CPLR 217 [2] [a] [emphasis added]).

We agree with the Supreme Court that the date the plaintiff knew or should have known of an alleged breach was shortly after February 17, 2006, when the plaintiff admittedly received a letter from CSEA denying her request for legal representation (*see Bitterman v Herricks Teachers' Assn.*, 220 AD2d 473 [1995]). However, given that the letter preceded the dates of the disciplinary hearing conducted by the Town of Somers, the date that the plaintiff suffered "actual harm" was July 5, 2006, and/or July 6, 2006, when the plaintiff appeared at the disciplinary hearing without counsel as a direct result of the refusal of CSEA to represent her (*cf. Bitterman v Herricks Teachers' Assn.*, 220 AD2d 473 [1995]). Accordingly, because the plaintiff did not commence this action against CSEA until August 2007, her claims against CSEA are time-barred (*see* CPLR 217 [2] [a]).

The Supreme Court granted an application by the Town of Somers pursuant to CPLR 7804 (g), in effect, to convert the action insofar as asserted against it to a CPLR article 78 proceeding, and to transfer the converted proceeding insofar as asserted against it to this Court. However, because the Town of Somers raised objections in its answer that could terminate the proceeding, the transfer of the converted proceeding to this Court was premature (*see* CPLR 7804 [g]; *Matter of Bottom v Murray*, 278 AD2d 817 [2000]; *Matter of Burgess v Selsky*, 270 AD2d 736 [2000]; *Matter of Save Easton Envt. v Marsh*, 213 AD2d 961 [1995]). Moreover, the record, which does not include transcripts of the disciplinary hearing, is insufficient for us to decide whether the determination of the Town of Somers was supported by substantial evidence (*see Matter of Bonded Concrete v Town Bd. of Town of Rotterdam*, 176 AD2d 1137 [1991]) Spolzino, J.P., Lifson, Dickerson and Chambers, JJ., concur.