■ ELLEN MALAST, Appellant, v CIVIL SERVICE EMPLOYEES ASSOCIATION, INC., LOCAL 830, AFSCME, AFL-CIO, et al., Respondents. [8 NYS3d 420]—

In an action, inter alia, to recover damages for breach of a union's duty of fair representation, the plaintiff appeals from an order of the Supreme Court, Nassau County (Winslow, J.), entered May 31, 2013, which granted the defendants' motion pursuant to CPLR 3211 (a) to dismiss the amended complaint.

Ordered that the order is affirmed, with costs.

"On a motion to dismiss a complaint pursuant to CPLR 3211 (a) (5) on statute of limitations grounds, the moving defendant must establish, prima facie, that the time in which to commence the action has expired. The burden then shifts to the plaintiff to raise an issue of fact as to whether the statute of limitations is tolled or is otherwise inapplicable" (*Rakusin v Miano*, 84 AD3d 1051, 1052 [2011]; *see Baptiste v Harding-Marin*, 88 AD3d 752, 753 [2011]). A cause of action alleging that any one of a statutorily defined class of employee organizations has breached its duty of fair representation must be interposed "within four months of the date the employee or former employee knew or should have known that the breach has occurred, or within four months of the date the employee or former employee suffers actual harm, whichever is later" (CPLR 217 [2] [a]; *see Nabors v Town of Somers*, 54 AD3d 833, 833-834 [2008]).

Here, the defendants met their prima facie burden by establishing that the cause of action alleging that they breached their duty of fair representation accrued on or about October 10, 2008, when the arbitrator confirmed the decision to terminate the plaintiff's employment, and the defendants allegedly notified the plaintiff or about on October 10, 2008, that

they would not appeal the arbitrator's determination. Since the defendants demonstrated that the plaintiff did not commence this action until 2010, more than four months after her claim for breach of the duty of fair representation accrued, the defendants established, prima facie, that the claim was time-barred. In opposition, the plaintiff failed to raise a triable issue of fact. Accordingly, that branch of the defendants' motion which was pursuant to CPLR 3211 (a) (5) to dismiss, as time-barred, the cause of action alleging that they breached their duty of fair representation was properly granted (*see Nabors v Town of Somers*, 54 AD3d at 834; *Dolce v Bayport, Blue Point Union Free School Dist.*, 286 AD2d 316, 316-317 [2001]; *Jimenez v United Fedn. of Teachers*, 239 AD2d 265, 266 [1997]).

The Supreme Court also properly granted that branch of the defendants' motion which was to dismiss so much of the amended complaint as sought to recover damages for discrimination for failure to state a cause of action pursuant to CPLR 3211 (a) (7) (*see Guggenheimer v Ginzburg*, 43 NY2d 268 [1977]).

The plaintiff's remaining contentions are either without merit or not properly before this Court. Skelos, J.P., Balkin, Roman and Hinds-Radix, JJ., concur.