Campbell v New York City Dept. of Educ. (2021 NY Slip Op 06918)





Campbell v New York City Dept. of Educ.


2021 NY Slip Op 06918


Decided on December 09, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 09, 2021

Before: Webber, J.P., Kern, González, Mendez, Shulman, JJ. 


Index No. 32672/18E Appeal No. 14634 Case No. 2020-02035 

[*1]Pauline Campbell, Plaintiff-Appellant,
v
New York City Department of Education et al., Defendants-Respondents.


Law Offices of Rudy A. Dermesropian, LLC, New York (Rudy A. Dermesropian of counsel), for appellant.
James E. Johnson, Corporation Counsel, New York (Eva L. Jerome of counsel), for respondents.



Order, Supreme Court, Bronx County (Mitchell J. Danziger, J.), entered February 13, 2020, which granted defendants' motion to dismiss plaintiff's employment discrimination complaint, unanimously modified, on the law, to deny the motion as to claims asserted against defendant O'Donnell based on conduct after November 6, 2015 for discrimination under the New York State and New York City Human Rights Laws (HRLs) and for her hostile work environment claim under the City HRL, and otherwise affirmed, without costs.
Plaintiff's claims against the Department of Education are time-barred under the one-year statute of limitations applicable to all claims against school districts and other specified entities (Education Law § 3813[1], [2-b]; see Rodriguez v City of New York, 193 AD3d 603 [1st Dept 2021]; Laboy v City of New York, 159 AD3d 632 [1st Dept 2018]). Plaintiff failed to commence this action within one year of her termination (see Kahn v New York City Dept. of Educ., 18 NY3d 457 [2012]). Her contention that a complaint she filed with the PERB tolled the limitations period is unavailing (see Matter of Brignoni v Abrahamson, 278 AD2d 565, 567 [3d Dept 2000]).
As for plaintiff's claims against her individual supervisors, all claims based on conduct occurring more than three years before her termination are barred by the applicable three-year statute of limitations (CPLR 214[2]; Administrative Code of City of NY § 8-502[d]; see also Herrington v Metro-North Commuter R.R. Co., 118 AD3d 544 [1st Dept 2014]). The continuing violation doctrine does not apply because the complaint does not allege facts comprising "a single continuing pattern of unlawful conduct extending into the [limitations] period immediately preceding the filing of the complaint" (id. at 544), but rather discrete events, involving different actors, and occurring months to years apart (see Santiago-Mendez v City of New York, 136 AD3d 428 [1st Dept 2016]).
To the extent the complaint asserts claims based on conduct post-dating November 6, 2015, plaintiff's age discrimination claims were properly dismissed. Plaintiff fails to state her age or the ages of her coworkers who she alleges were paid more than she. Her sole allegation that she was paid less than younger employees is conclusory and insufficient to support such claims (see Massaro v Department of Educ. of the City of N.Y., 121 AD3d 569 [1st Dept 2014]). Plaintiff also failed to state a claim for retaliation, as the complaint fails to allege with any specificity that she opposed the alleged discrimination and that defendants knew about these complaints (Whitfield-Ortiz v Department of Educ. of City of N.Y., 116 AD3d 580, 581 [1st Dept 2014]).
Plaintiff's allegations of hostile work environment do not rise to the level of "severe and pervasive," as required by the State HRL (see Chin v New York City Housing Auth., 106 AD3d 443, 444-445 [1st Dept 2013], lv denied 22 NY3d 861 [2014]). However, the allegations that O'Donnell made disparaging [*2]comments about plaintiff's race on a few occasions, while issuing several write-ups and ultimately transferring her to another school, could support plaintiff's allegation that she was treated "less well," at least in part due to discriminatory reasons, under the City HRL (see Hernandez v Kaisman, 103 AD3d 106, 114-115 [1st Dept 2012]). In addition, under a notice pleading standard, the complaint sufficiently alleges that: (1) plaintiff is a member of a protected class (Black); (2) she was subjected to an adverse employment action (termination) under the State HRL or treated less well than other employees under the City HRL; and (3) as to O'Donnell, the adverse or different treatment was made under circumstances giving rise to an inference of discrimination (see Matter of Local 621 v New York City Dept. of Transp., 178 AD3d 78, 81 [1st Dept 2019]). The complaint does not contain sufficient allegations to state any claim against defendant Robinson.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 9, 2021